[Cite as *McRae v. Salazar*, 2019-Ohio-4638.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Charles E. McRae,                                  :

      Petitioner-Appellant/          :                   No. 18AP-749
      Cross-Appellee,                                (C.P.C. No. 15JU-11518)

                                 :

v.                                                 :                   (REGULAR CALENDAR)

                                 :

Joanna L. Erwin McRae Salazar,                     :

      Respondent-Appellee/           :
      Cross-Appellant.                               :

D E C I S I O N

Rendered on November 12, 2019

**On brief:** *The Law Office of Nicholas W. Yaeger, LLC*, and *Nicholas W. Yaeger*, for petitioner-appellant/cross-appellee. **Argued:** *Nicholas W. Yaeger.*

**On brief:** *Eugene R. Butler*; and *R. Chris Harbold*, for respondent-appellee/cross-appellant. **Argued:** *R. Chris Harbold.*

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations, Juvenile Division

LUPER SCHUSTER, J.

{¶ 1} Petitioner-appellant/cross-appellee, Charles E. McRae ("Father"), appeals from a decision and judgment entry of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, modifying his child support obligation he must pay respondent-appellee/cross-appellant, Joanna L. Erwin McRae Salazar ("Mother"). Mother filed a cross-appeal from the amount of attorney fees awarded to her under the same decision and judgment entry. For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2} Mother and Father were married in 1991 and had four children. In June 2007, the parties divorced. As part of the distribution of property in their divorce, both Mother and Father received assets in the approximate amount of $2.6 million each.

{¶ 3} On September 18, 2015, Mother registered a foreign divorce decree and parenting plan with the trial court for their two minor children. Mother's initial attempt to register the foreign divorce decree was unsuccessful, and she filed a second notice of registration on May 24, 2016. Under the foreign divorce decree and parenting plan, originating in Tennessee in 2011, Father paid $1,400 per month to Mother as child support. This amount reflected an agreed upon downward deviation from the child support guidelines to reflect Father's assumption of responsibility for the costs of private school. At the time the Tennessee court approved the parenting plan, Father's income was $185,000 per year and Mother's income was $77,000 per year.

{¶ 4} In November 2011, Father obtained new employment and relocated to Columbus. Father commuted between Columbus and Tennessee until 2014, at which time the children relocated to Columbus, pursuant to an agreed order in the parties' Tennessee case, to live full time with Father. The children moved in with Father in Columbus in August 2014. Mother then relocated to Columbus in September 2014 and purchased a home in Upper Arlington.

{¶ 5} Subsequently, on July 19, 2016, Mother filed a motion for an increase in child support. In her motion, Mother argued that her income has decreased while Father's income has increased significantly since the time of the Tennessee child support obligation order. Mother additionally noted that the children stopped attending private school in 2014, eliminating Father's obligation to pay one-half of the private school tuition.

{¶ 6} The trial court conducted a hearing on Mother's motion to modify child support in May 2017. In a January 8, 2018 decision, the magistrate modified Father's child support to $3,300 per month, effective July 19, 2016. The magistrate determined the child support order was an upward deviation based on the $150,000 calculation cap due to the discrepancy in Father's and Mother's incomes and lifestyles. Additionally, the magistrate determined the children's basic needs were being met. The magistrate also ordered Father to pay $2,500 to Mother for her attorney fees and costs.

{¶ 7}   Both parties timely filed objections to the magistrate's decision, and the trial court held a hearing on those objections on June 13, 2018.  Mother objected to the magistrate's finding that the children's basic needs were being met and the corresponding amount of child support ordered, and she additionally objected to the amount of attorney fees the magistrate recommended be awarded to her.  Father objected to the modification of the child support order and to the magistrate's finding that Mother was entitled to attorney fees and expenses.

{¶ 8}   In an August 30, 2018 decision and judgment entry filed under seal, the trial court overruled Father's objections, sustained Mother's objections related to the magistrate's finding that the children's basic needs were being met and the amount of child support ordered, and overruled Mother's objections related to the amount of attorney fees the magistrate determined she be awarded related to her motion to modify child support. Specifically, the trial court increased Father's child support obligation to $4,800 per month for the two minor children.  Effective May 29, 2017, pursuant to the emancipation of one of the minor children, the trial court ordered Father's child support obligation to be modified to $3,360 per month.  The trial court also ordered Father to pay Mother $2,500 for her reasonable attorney fees and expenses related to her motion to modify child support. Additionally, the trial court ordered Father to pay Mother $6,800 for her reasonable attorney fees and costs related to her second motion for attorney fees, filed March 23, 2018, after the magistrate's decision.

{¶ 9}   Father timely appeals, and Mother timely cross-appeals.

## II.  Assignments of Error

{¶ 10}  Father assigns the following errors for our review:

> [1.] The trial court erred as a matter of law and abused its discretion by finding that the children's basic needs are not being met and by relying on that standard in order to justify a modification of the magistrate's child support.
>
> [2.] The trial court erred as a matter of law and abused its discretion by modifying the magistrate's child support order where the magistrate's order was reasonable and based on the relevant facts.

{¶ 11} In her cross-appeal, Mother assigns the following error for our review:

> The trial court erred as a matter of law and/or abused its
> discretion in its review of the magistrate's decision on the issue
> of attorney fees awarded to cross-appellee.

## III.  First Assignment of Error – Children's Basic Needs

{¶ 12}  In his first assignment of error, Father argues the trial court abused its discretion by finding that the children's basic needs are not being met and relying on that standard in order to modify the magistrate's child support order.

{¶ 13} It is undisputed that the parties' combined yearly gross income exceeds $150,000.  Under this circumstance, the court must calculate the child support obligation on a case-by-case basis and must consider the needs and the standard of living of the children and of the parents.  *Guertin v. Guertin*, 10th Dist. No. 06AP-1101, 2007-Ohio-2008, ¶ 4, citing R.C. 3119.04(B).  The version of R.C. 3119.04(B) in effect when the parties litigated the matter in 2018 provided that "[i]f the combined gross income of both parents is greater than one hundred fifty thousand dollars per year, the court, with respect to a court child support order, * * * shall determine the amount of the obligor's child support obligation on a case-by-case basis and shall consider the needs and the standard of living of the children who are the subject of the child support order and of the parents."  The statute further provides that "[t]he court * * * shall compute a basic combined child support obligation that is no less than the obligation that would have been computed under the basic child support schedule and applicable worksheet for a combined gross income of one hundred fifty thousand dollars, unless the court * * * determines that it would be unjust or inappropriate and would not be in the best interest of the child, obligor, or obligee to order that amount."  Former R.C. 3119.04(B).  The statute mandates that should the court make "such a determination, it shall enter in the journal the figure, determination, and findings."  Former R.C. 3119.04(B).

{¶ 14} In view of former R.C. 3119.04(B), in cases where the parties' combined income exceeds $150,000, the court is bound by three requirements.  *Chawla v. Chawla*, 10th Dist. No. 13AP-399, 2014-Ohio-1188, ¶ 14.  The court must (1) set the child support amount based on the qualitative needs and standard of living of the children and parents, (2) ensure that the amount set is not less than the $150,000-equivalent, unless appropriate,

and (3) if it decides less than the $150,000-equivalent is appropriate, then journalize the justification for that decision. *Id.*

{¶ 15} Here, the magistrate awarded $3,300 in child support, which the trial court, in the final decision and entry, increased to $4,800 per month to be reduced to $3,360 per month upon the emancipation of the older of the two minor children. Under his first assignment of error, Father argues the trial court abused its discretion when it concluded the children's basic needs were not being met and used that finding as the basis for its upward deviation from the standard child support order. However, after a thorough review of the trial court's decision and the underlying record, we conclude Father's argument in this regard lacks merit.

{¶ 16} While the magistrate stated "[e]ach party has the ability to provide for the children's basic needs," the trial court found that a review of the evidence indicated that Mother could not meet the needs *and* standard of living of the children compared to the lifestyle Father is able to provide. (Jan. 8, 2018 Mag. Decision at 26.) This conjunctive analysis, considering both the qualitative needs *and* the standard of living of the children and parents, is precisely the analysis contemplated under former R.C. 3119.04(B). Although Father disagrees with the trial court's ultimate conclusions related to the amount of child support, the subject of Father's second assignment of error, Father's argument that the trial court somehow applied the wrong standard in reaching those conclusions lacks merit. Thus, we overrule Father's first assignment of error.

## IV. Second Assignment of Error – Modification of the Magistrate's Child Support Order

{¶ 17} In his second assignment of error, Father argues the trial court abused its discretion in modifying the child support order. Specifically, Father asserts the trial court's decision is contrary to the weight of the evidence on the issues of the disparity in lifestyles of the parties and the budgets and expenses of the parties.

{¶ 18} Absent an abuse of discretion, a trial court's determination regarding child support obligations will not be disturbed on appeal. *Pauly v. Pauly*, 80 Ohio St.3d 386, 390 (1997), *superseded by statute on other grounds*. An abuse of discretion connotes more than an error of law or judgment; it implies that the attitude of the trial court was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217,

219 (1983). The trial court does not abuse its discretion where some competent, credible evidence supports the court's decision. *Ross v. Ross*, 64 Ohio St.2d 203, 208 (1980).

### A. The Parties' Lifestyles

{¶ 19} Father first argues the trial court abused its discretion in determining the extent of the disparity in the parties' lifestyles. Father points to several factual conclusions by the trial court that he asserts are unsupported by the evidence.

{¶ 20} In concluding the parties had a significant disparity in their lifestyles, the trial court noted that Father owns a timeshare in Utah while Mother typically vacations in state parks. Additionally, the trial court noted Father owns a lake property used for vacations. Father argues the trial court erroneously concluded he uses the timeshare and lake house to actually take vacations and relied solely on Mother's testimony that she is unable to take lavish vacations like she did when Mother and Father were married. Despite Father's dissatisfaction that the trial court considered his ownership of the timeshare and lake property, the trial court nonetheless relied on competent, credible evidence regarding his vacation property ownership, and we find no abuse of discretion in the trial court considering the parties' vacation abilities in determining the disparity in the parties' lifestyles.

{¶ 21} Father next asserts the trial court unfairly compared the size and cost of the parties' Columbus homes. The trial court noted, in accordance with the evidence, that Father owns and lives in a 2,400 square-foot condominium while Mother owns and lives in a 1,000 square-foot freestanding home. As Mother notes, Father does not dispute this factual finding as supported by the evidence; rather, he disagrees with the trial court's manner of interpreting this factual finding in its overall depiction of the parties' lifestyles. In particular, Father argues Mother could increase her own standard of living, including the size of house she could afford in Columbus, by selling other assets. However, the trial court specifically noted that its findings regarding the disparity in the parties' lifestyles included its consideration that Father is able to maintain his lifestyle with his current income while Mother would not be able increase the standard of her lifestyle without liquidating her assets. Thus, while Father may disagree with the weight the trial court afforded to the parties home sizes, he does not demonstrate the trial court abused its discretion in assigning that weight.

{¶ 22} Similarly, Father argues the trial court inappropriately considered his ownership of an airplane as a luxury item that would affect his standard of living. However, the evidence indicated that Father owned the airplane and used it for both business and personal travel. Again, Father disagrees with the trial court's consideration of the facts in evidence but does not demonstrate that the trial court lacked competent, credible evidence to support its findings.

{¶ 23} Finally with respect to the disparity in the parties' lifestyles, Father argues the trial court erroneously concluded Mother can only meet the children's basic needs by liquidating her own assets. As we noted in our resolution of Father's first assignment of error, the trial court's finding in this regard applied both to the children's needs *and* their standard of living. Additionally, Mother testified that she regularly liquidates assets from her investments in order to cover her expenses for herself and for the children. Thus, there was competent, credible evidence to support the trial court's finding that Mother relies on liquidating her assets in order to provide a certain lifestyle for the children.

## B. The Parties' Budgets and Expenses

{¶ 24} Father additionally argues the trial court abused its discretion in its consideration of the evidence related to the parties' budgets and expenses. The crux of Father's argument in this regard is that the trial court erroneously relied on the financial and budget testimony of Mother while downplaying the significance of his own financial and budget testimony. The record shows, however, that the trial court carefully considered the financial and budget evidence as it related to both Mother and Father and calculated a child support order based on that evidence. Father may disagree with the trial court's decision, but he does not articulate how the trial court abused its discretion in fashioning the child support order.

{¶ 25} The common theme of all of Father's arguments is that the trial court did not adequately consider or analyze the pertinent information relating to the child support award, especially given the substantial assets distributed to the parties when they divorced. However, the trial court conducted a de novo review of the evidence and found, based on that evidence, that the disparity in the parties' lifestyles justified the upward deviation in child support based upon the children's and the parties' standards of living. As there is competent, credible evidence in the record to support that decision, the trial court did not

abuse its discretion in determining the amount of child support Father owes to Mother. *See Weaver v. Weaver*, 10th Dist. No. 16AP-743, 2017-Ohio-4087, ¶ 14. Accordingly, we overrule Father's second and final assignment of error.

## V. Mother's Assignment of Error – Attorney Fees

{¶ 26} In her sole assignment of error, Mother argues the trial court abused its discretion in not awarding her the full amount of attorney fees she requested. Mother asserts the trial court's award of $2,500 for her first motion for attorney fees is not equitable.

{¶ 27} In a post-decree motion arising out of a divorce, R.C. 3105.73(B) permits a trial court to award "all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable." In determining whether an award under R.C. 3105.73(B) is equitable, "the court may consider the parties' income, the conduct of the parties, and any other relevant factors the court deems appropriate, but it may not consider the parties' assets." An award of attorney fees in a domestic relations action is within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion. *Settele v. Settele*, 10th Dist. No. 14AP-818, 2015-Ohio-3746, ¶ 51.

{¶ 28} Here, the trial court found it fair and equitable to require Father to pay $2,500 towards Mother's attorney fees pursuant to R.C. 3105.73(B). The trial court considered all relevant factors in making its attorney fees determination. After weighing the parties' income disparity against the additional attorney fees Father incurred related to Mother's improper filing of the foreign divorce decree prolonging the litigation of the motion to modify child support, the trial court concluded it was equitable that Father pay $2,500 to Mother for her reasonable attorney fees. R.C. 3105.73(B) expressly permits a trial court to award "all or part" of a party's reasonable attorney fees. That the trial court decided to award Mother less than the full amount of attorney fees she incurred in pursuing her motion to modify child support does not render the trial court's decision an abuse of discretion. *Serra v. Serra*, 10th Dist. No. 15AP-528, 2016-Ohio-950, ¶ 32.

{¶ 29} Because the trial court acted within its discretion when it awarded Mother $2,500 in attorney fees, we overrule Mother's sole assignment of error.

## VI. Disposition

{¶ 30} Based on the foregoing reasons, the trial court did not apply the wrong standard in reviewing the magistrate's determination of the appropriate amount of child support, did not abuse its discretion in determining the amount of child support Father owes, and did not abuse its discretion in awarding Mother less than the full amount of attorney fees she incurred. Having overruled Father's two assignments of error and Mother's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch.

*Judgment affirmed.*

BROWN and BRUNNER, JJ., concur.