OPINION
{¶ 1} Appellant/Cross-Appellee, Richard L. Warzala ("Husband"), and Appellee/Cross-Appellant, Marci Warzala, n.k.a. Matteo ("Wife"), appeal from the judgment of the Trumbull County Court of Common Pleas, Domestic Relations Division, modifying Husband's child support obligation. *Page 2 
 {¶ 2} The relevant facts follow. The parties were married on March 27, 1993, and two children were born as issue to the marriage. The parties were divorced on December 11, 2001. An agreed upon shared parenting plan was incorporated into the decree of divorce.
 {¶ 3} Pursuant to the shared parenting plan, the parties agreed to a parenting schedule during the school year and a summer vacation schedule where each parent was to have the children for six consecutive weeks. Husband was named sole child support obligor and agreed to pay child support in the amount of $725 plus processing fees, per month. Wife was not ordered to pay child support.
 {¶ 4} On October 25, 2005, Wife filed a post decree motion, for purposes of this appeal, to increase Husband's child support. Wife asserted increased expenses because she was spending more time with the minor children than provided for in the shared parenting plan. It was undisputed that the parties varied from the shared parenting plan by continuing the school year schedule through the summer rather than the agreed upon summer vacation schedule.
 {¶ 5} On November 14, 2005, Husband responded by filing a motion requesting a downward modification of child support based upon a change in "the financial positions of the parties." A hearing in the matter was held before a magistrate. On December 27, 2005, the magistrate issued a decision which stated as follows:
 {¶ 6} "Based on the incomes of the parties and with each parent claiming a child for tax purposes [husband's] support is modified to $551.00 per month plus poundage[.]" *Page 3 
 {¶ 7} The magistrate found that neither R.C. 3119.22 and 3119.23, provide for an automatic credit under a shared parenting plan and further that "everything remains the same as the original shared parenting plan and that the only change is income and daycare there is no deviation from the basic support schedule." Thus, the magistrate denied Wife's motion to increase child support and granted Husband's to modify his child support obligation from $725 per month to $551 per month plus poundage. Both parties filed timely objections to the magistrate's decision. After the trial court overruled all objections and adopted the magistrate's decision, Husband filed a timely appeal. Subsequently, Wife also appealed the judgment entered by the trial court. On March 30, 2006, this court consolidated the two appeals.
 {¶ 8} Husband asserts the following sole assignment of error:
 {¶ 9} "The [t]rial [c]ourt erred as a matter of law in affirming the [magistrate's [d]ecision which failed to follow mandated offsets in calculating child support under a shared parenting plan."
 {¶ 10} In her cross appeal, Wife sets forth the following assignment of error:
 {¶ 11} "The [t]rial [court] [e]rred in its child support calculation due to the fact that under the shared parenting plan, [Wife] has the children for a greater period of time and incurred costs thus warranting a deviation upward."
 {¶ 12} On September 11, 2006, this court determined that neither a transcript, or DVD recording of the December 27, 2005 hearing were available nor had a narrative statement of the proceedings, pursuant to App.R. 9(C), or an agreed statement, as provided under App.R. 9(D), been provided to this court. Thus, this matter was remanded to the trial court pursuant to App.R. 9(E) for the sole purpose of the parties to *Page 4 
prepare a statement of the proceedings for approval and settlement by the trial court pursuant to App.R. 9(C).
 {¶ 13} On December 15, 2006, the court filed its judgment entry approving Wife's statement of facts of the December 27, 2005 hearing.
 {¶ 14} A trial court possesses broad discretion in its determination regarding a modification of child support obligations. Pauly v.Pauly (1997), 80 Ohio St.3d 386, 390, citing Booth v. Booth (1989),44 Ohio St.3d 142, 144. Accordingly, an appellate court will not disturb such determinations absent an abuse of discretion. Id. An abuse of discretion constitutes more than an error of law or judgment and implies that the trial court acted unreasonably, arbitrarily, or unconscionably.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. Id.
 {¶ 15} "When modifying an existing child support order, a trial court must find that a change of circumstances has occurred." Anspach v.Anspach, 11th Dist No. 2006-G-2706, 2006-Ohio-6344, at ¶ 38, citingBright v. Collins (1982), 2 Ohio App.3d 421, 423.
 {¶ 16} In his sole assignment of error, Husband argues that the trial court failed to follow and implement mandatory offsets in its calculation of child support under a shared parenting plan. In his objections to the magistrate's initial decision, appellant requested that the trial court presume each of the parents pay their respective child support obligations, line 24, and offset his support obligation by Wife's.
 {¶ 17} The Ohio Supreme Court in Hubin v. Hubin (2001),92 Ohio St.3d 240, addressed the issue before us. The question certified to the Supreme Court was as follows: "`[w]hen determining the proper amount of child support in a shared parenting *Page 5 
case, must a court presume that each parent must pay his or her child support obligation on line twenty-four of the child support worksheet and then order the difference through an offset while reserving the ability to deviate?'" Hubin v. Hubin (2000), 90 Ohio St.3d 1482. The Court ultimately affirmed the Tenth District decision which rejected the use of offset formulas in shared parenting support orders.
 {¶ 18} Husband further argues that the trial court calculated child support contrary to this court's holding in Luke v. Luke, 11th Dist. No. 97-L-044, 1998 Ohio App. LEXIS 647. We disagree.
 {¶ 19} In Smith v. Smith, 11th Dist. No. 99-L-123, 2000 Ohio App. LEXIS 6100, at 3, this court held that: "[t]he only requirement ofLuke is that under a shared parenting plan, the trial court offset the parents' child support obligations, one against the other, beforedeviating from the statutory guidelines for determining a parent's childsupport obligations." (Emphasis added.)
 {¶ 20} In its judgment entry in the case sub judice, the trial court found "there is no deviation from the basic child support schedule." Thus, Husband's reliance on Luke is misplaced.
 {¶ 21} Further, providing for a mandatory offset in these circumstances, would be the equivalent of giving Husband a credit for support that Wife would owe him for the time the children were in his care. However, the Ohio Supreme Court has held that one is not automatically entitled to credit for the time a child resides with him or her. Pauly, at syllabus. The question whether to give a credit is within the sound discretion of the trial court. Id.
 {¶ 22} Husband's sole assignment of error is without merit. *Page 6 
 {¶ 23} In her cross appeal, Wife argues that Husband has decreased his parenting time with the minor children and as a result she has incurred more costs. In the context of a shared parenting order, R.C.3119.24(A)(1) authorizes the court to deviate from the guideline calculation if that amount "would be unjust or inappropriate to the children or either parent and would not be in the best interest of the child because of the extraordinary circumstances of the parents or because of any other factors or criteria set forth in section 3119.23 of the Revised Code[.]"
 {¶ 24} The "extraordinary circumstances" enumerated in R.C. 3119.24(B) include: "(1) The amount of time the children spend with each parent; (2) The ability of each parent to maintain adequate housing for the children; (3) Each parent's expenses, including child care expenses, school tuition, medical expenses, dental expenses, and any other expenses the court considers relevant; (4) Any other circumstances the court considers relevant."
 {¶ 25} In considering whether a deviation from the scheduled amount of child support is warranted, a court "may consider" any number of factors which might justify a deviation, including "[e]xtended parenting time or extraordinary costs associated with parenting time[.]" R.C. 3119.23(D).
 {¶ 26} A review of the statement of facts submitted herein, reveals no evidence of what effect her increased parenting time would have on her general living expenses. Further, "`there is "no authorityrequiring a domestic court to deviate from the child support guidelines merely because a deviation would be permissible, or even desirable.'" (Emphasis sic.) (Citation omitted.) Kosovich v. Kosovich, 11th Dist. No. 2004-L-075, 2005-Ohio-4774, at ¶ 17." Peters v. Peters, 11th Dist. No. 2004-L-198, *Page 7 2006-Ohio-3644, at ¶ 20. It is important to recognize that with regard to child support in a shared parenting situation, "there is no bright-line test to determine when a deviation is warranted."Morosko v. Willis, 9th Dist. No. 21333, 2003-Ohio-3360, at ¶ 18.
 {¶ 27} Thus, we conclude that the trial court did not abuse its discretion when it refused to deviate from the amount calculated in accordance with the child support guidelines.
 {¶ 28} Wife's sole assignment of error in her cross appeal is without merit.
 {¶ 29} For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas, Domestic Relations Division, is affirmed.
WILLIAM M. O'NEILL, J., concurs, DIANE V. GRENDELL, J., concurs in judgment only. *Page 1