[Cite as *Caleshu v. Caleshu*, 2020-Ohio-4075.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Shannon K. Caleshu, | : | |
| Plaintiff-Appellee, | : | No. 19AP-742 |
| | | (C.P.C. No. 17DR-2788) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Elias J. Caleshu, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on August 11, 2020

**On brief:** *Weis Law Group LLC*, and *David R. Plumb*, for appellee. **Argued:** *David R. Plumb.*

**On brief:** *Babbitt & Dahlberg LLC,* and *C. Gustav Dahlberg*, for appellant. **Argued:** *C. Gustav Dahlberg.*

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations and Juvenile Branch

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, Elias J. Caleshu ("Lee"), appeals from a decision and judgment entry/decree of divorce of the Franklin County Court of Common Pleas, Division of Domestic Relations and Juvenile Branch, dividing the marital property and debts of Lee and plaintiff-appellee, Shannon K. Caleshu ("Shannon"), and awarding Shannon spousal support and child support. For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2} Shannon and Lee were married on August 9, 2008, and they have three minor children. The parties separated in 2017, and on July 26, 2017, Shannon filed a complaint for divorce. Pursuant to Civ.R. 75(N), the parties entered into agreed-upon temporary orders on December 19, 2017, and the magistrate designated the parties as

shared parents for the three minor children and granted a parenting schedule that provided for an equal division of time between households. Additionally, the magistrate ordered Lee to pay $1,500 per month in temporary child support, $2,000 per month in temporary spousal support, and 65 percent of any of the children's uncovered medical expenses. Further, the magistrate's order directed each party to be solely responsible for his or her own credit cards.

{¶ 3} On September 11, 2018, the parties agreed to a Shared Parenting Plan that revised the parties' parenting schedule as to their specific days with the children but did not alter the equal division of time between the parties' households. The parties agreed to a second Shared Parenting Plan on May 7, 2019, again retaining the equal division of time between the parties' households.

{¶ 4} Prior to trial, the parties filed a stipulated balance sheet and agreed-upon distribution of marital property and debts. The parties left some items for the trial court's discretion. The trial court conducted a full evidentiary hearing on May 8, 9, and 20, 2019. At the close of evidence, Shannon's trial counsel withdrew, and the parties submitted an Agreed Entry regarding additional marital property and an agreed Shared Parenting Decree.

{¶ 5} In a September 30, 2019 decision and judgment entry/decree of divorce, the trial court determined that the parties' respective credit card balances were not subject to equal allocation. Accordingly, the trial court ordered Lee to pay Shannon the sum of $30,074.50 in order to equitably divide the marital assets. Further, the trial court ordered Lee to pay Shannon spousal support in the amount of $2,000 per month effective September 30, 2019 and terminating December 31, 2020. The trial court also ordered Lee to pay child support in the amount of $2,300 per month, effective September 30, 2019, specifically finding the child support order to be an upward deviation from guideline child support. The trial court specifically noted the parties' income disparity in making the upward deviation, noting Lee's annual salary is $200,000 while Shannon's annual salary is stipulated at minimum wage. Lee timely appeals.

## II. Assignments of Error

{¶ 6} Lee assigns the following errors for our review:

1. The trial court erred and abused its discretion in failing to equitably divide responsibility for the parties' marital debts, pursuant to the provisions of ORC 3105.171.

2. The trial court erred and abused its discretion in its award of spousal support to Appellee pursuant to the provisions of ORC 3105.18.

3. The trial court erred and abused its discretion in deviating from the guideline amount of child support pursuant to the provisions of ORC 3119.01 et seq.

## III. First Assignment of Error – Distribution of Marital Debts

{¶ 7} In his first assignment of error, Lee argues the trial court abused its discretion in dividing the parties' debts. In particular, Lee asserts the trial court abused its discretion in determining the parties' debts should not be equalized, resulting in what Lee deems an inequitable division of property and debts.

{¶ 8} In a divorce proceeding, the domestic court has broad discretion to make divisions of property. *Middendorf v. Middendorf*, 82 Ohio St.3d 397, 401 (1998), citing *Berish v. Berish*, 69 Ohio St.2d 318 (1982). "In any divorce action, the starting point for a trial court's analysis is an equal division of marital assets." *Neville v. Neville*, 99 Ohio St.3d 275, 2003-Ohio-3624, ¶ 5, citing R.C. 3105.171(C), and *Cherry v. Cherry*, 66 Ohio St.2d 348, 355 (1981). However, R.C. 3105.171(C)(1) provides that if an equal division would be inequitable, the court must divide the property equitably between the spouses. A trial court must consider the factors set forth in R.C. 3105.171(F) to ensure an equitable division of marital property. *Neville* at ¶ 5. Additionally, a trial court must evaluate all relevant facts in determining an equitable division. *Cherry* at 355.

{¶ 9} "An appellate court's job is not to reweigh the evidence but to determine whether competent, credible evidence in the record supports the trial court's findings." *Hood v. Hood*, 10th Dist. No. 10AP-999, 2011-Ohio-3704, ¶ 14, citing *Dunham v. Dunham*, 171 Ohio App.3d 147, 2007-Ohio-1167, ¶ 27 (10th Dist.), and *Taub v. Taub*, 10th Dist. No. 08AP-750, 2009-Ohio-2762, ¶ 15. We review a trial court's division of property for an abuse of discretion. *Neville* at ¶ 5; *Hood* at ¶ 14. An abuse of discretion connotes a decision that

is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 10} Lee argues the trial court abused its discretion in ordering him to be individually responsible for the credit cards in his name and failing to otherwise equalize the marital debt, rendering the distribution of marital property unequal. As this court has noted, "the duty to equitably divide the marital property necessarily obligates the trial court to divide the marital debt." *Wood v. Wood*, 10th Dist. No. 10AP-513, 2011-Ohio-679, ¶ 15, citing *Byers v. Byers*, 4th Dist. No. 09CA3124, 2010-Ohio-4424, ¶ 18.

{¶ 11} Despite acknowledging that the trial court has broad discretion in determining the equitable division of marital property and marital debt, Lee nonetheless argues the trial court abused its discretion in ordering the credit card debts on the parties' three credit cards to be allocated to the parties as their own separate liabilities. Specifically, Lee asserts that Shannon's proposal at the trial court regarding the equalization of marital debt called for a total payment of $13,441 from Lee to Shannon, but the trial court went beyond that amount and instead ordered Lee to pay $30,074.50.[1] However, Lee concedes the parties did not have an agreement or stipulation on the total amount owed by Lee to Shannon in order to equalize marital debt and, ultimately, equitably divide the marital property.

{¶ 12} Lee does not allege the trial court did not consider appropriate statutory factors in reaching its decision on the equitable division of property and debt. Instead, Lee disagrees with the conclusions the trial court reached after considering those factors. Having reviewed the record, we find the trial court appropriately considered all of the factors in R.C. 3105.171(F). The trial court noted that the testimony and evidence demonstrated that the parties used their respective credit cards as if their accounts were their own, specifically pointing to Lee's testimony that his credit card balances included expenses for entertainment, personal travel, utilities, daily living expenses, reimbursable business expenses, spousal support payments, and other payments ordered under the parties' temporary orders. The trial court additionally noted that an equal division of the

---

[1] We note the $30,074.50 figure does not appear to be related to the credit cards pursuant to the trial court's Exhibit A.

credit card debt would result in one party paying for the temporary order obligations and attorney fees that the court had previously ordered the parties to pay individually. Further, the trial court considered the lifestyle established by the parties prior to filing for divorce, noting one parent worked outside the home. When the parties began maintaining two households in April 2017, they used credit cards and bank accounts in their separate names to pay for their living expenses. For these reasons, the trial court found it would not be equitable to require either party to pay half of the other party's credit card debt. Based on our review, the trial court did not abuse its discretion in making this finding.

{¶ 13} Further, to the extent Lee argues the trial court should have considered the parties' incomes after support payments in determining the equitable division of martial property and martial debt, we note that such an argument is contrary to the statutory requirements. Specifically, R.C. 3105.171(C)(3) provides that "[t]he court shall provide for an equitable division of marital property * * * prior to making any award of spousal support * * * and without regard to any spousal support so awarded." For these reasons, we conclude the trial court did not abuse its discretion in ordering the parties to be separately responsible for the credit card balances on their individual credit cards. We overrule Lee's first assignment of error.

## IV. Second Assignment of Error – Spousal Support

{¶ 14} In his second assignment of error, Lee argues the trial court abused its discretion in making its award of spousal support to Shannon pursuant to R.C. 3105.18. Specifically, Lee challenges the duration of the trial court's spousal support order.

{¶ 15} " '[S]pousal support' means any payment or payments to be made to a spouse or former spouse * * * that is both for sustenance and for support." R.C. 3105.18(A). In a divorce proceeding, a trial court may award "reasonable spousal support to either party." R.C. 3105.18(B). A trial court has broad discretion to determine the appropriate amount of spousal support based on the particular facts and circumstances of each case. *Kunkle v. Kunkle*, 51 Ohio St.3d 64, 67 (1990), *superseded by statute on separate grounds*. A reviewing court cannot substitute its judgment for that of the trial court absent a showing of an abuse of discretion. *Id.*

{¶ 16} R.C. 3105.18(C)(1) governs the trial court's discretion and requires the trial court to consider certain factors in determining whether spousal support is reasonable and

appropriate.  Similarly, R.C. 3105.18(C)(1) guides the trial court in determining the nature, amount, terms of payment, and duration of any such award of spousal support.  Here, Lee concedes that the trial court made each of the required findings pursuant to R.C. 3105.18(C)(1).  Nonetheless, Lee argues the trial court abused its discretion in ordering the monthly $2,000 spousal support payments to last through December 31, 2020.

{¶ 17}  Lee disagrees with the trial court's characterization of the length of the parties' marriage.  While the trial court finds the parties were married almost 11 years, Lee notes they separated after being married for less than 9 years.  However, the trial court specifically considered the timing of the parties' separation.  Additionally, Lee argues the trial court failed to adequately consider the length of time he paid temporary spousal support during the pendency of the litigation.  Again, however, the trial court specifically considered that Lee financially supported Shannon throughout the separation and litigation.  Finally, Lee asserts Shannon's failure to seek any income during the parties' separation should have limited the duration of the trial court's spousal support order.  However, Lee does not explain how the trial court abused its discretion in determining the duration of the spousal support order other than to express his disagreement with the trial court's ultimate conclusion.  He does not account for the trial court's detailed recitation and weighing of the other factors listed in R.C. 3105.18(C)(1).  *See McCall v. Kranz*, 10th Dist. No. 15AP-436, 2016-Ohio-214, ¶ 33 (finding no abuse of discretion in trial court's spousal support order where the appellant's argument "only addresses the duration of marriage, without considering other relevant factors favoring the award"); *Gallo v. Gallo*, 10th Dist. No. 14AP-179, 2015-Ohio-982, ¶ 49 (noting a trial court must consider all of the factors listed in R.C. 3105.18(C)(1) in making its spousal support decision, not base its decision regarding spousal support on any one factor in isolation).

{¶ 18}  Having reviewed the record, we find the trial court considered and weighed each of the required factors under R.C. 3105.18(C)(1) in making its spousal support order. Although Lee disagrees with the relative weight the trial court afforded to certain factors, we conclude the trial court did not abuse its discretion in setting the duration of the spousal support order.  Accordingly, we overrule Lee's second assignment of error.

## V.  Third Assignment of Error – Child Support

{¶ 19}  In his third and final assignment of error, Lee argues the trial court abused its discretion in making its child support award.  More specifically, Lee asserts the trial court abused its discretion in deviating upward from the guideline child support amount.

{¶ 20}  Absent an abuse of discretion, a trial court's determination regarding child support obligations will not be disturbed on appeal.  *Pauly v. Pauly*, 80 Ohio St.3d 386, 390 (1997).  The trial court does not abuse its discretion making a child support order where some competent, credible evidence supports the trial court's decision.  *Weaver v. Weaver*, 10th Dist. No. 16AP-743, 2017-Ohio-4087, ¶ 9, citing *Ross v. Ross*, 64 Ohio St.2d 203, 208 (1980).

{¶ 21}  On March 28, 2019, several months before the trial court issued its final judgment in this case, updated versions of Ohio's child support statutes went into effect.  Pursuant to the updated statutes, when issuing an order of child support, the trial court must calculate the amount of support "in accordance with the basic child support schedule, the applicable worksheet, and the other provisions of Chapter 3119."  R.C. 3119.02.  The child support amount that results from the use of the basic child support schedule and applicable worksheet is presumed to be the correct amount of child support due.  R.C. 3119.03.  However, under R.C. 3119.22, a court may deviate from the guideline amount of child support if, after consideration of the factors set forth in R.C. 3119.23, the court determines that the guideline amount "would be unjust or inappropriate and therefore not be in the best interest of the child." R.C. 3119.22.   As to matters involving shared parenting, R.C. 3119.24 permits a trial court to deviate from the guideline calculation if that amount "would be unjust or inappropriate to the children or either parent and therefore not in the best interest of the child because of the extraordinary circumstances of the parents or because of any other factors or criteria set forth in section 3119.23 of the Revised Code."

{¶ 22}  For the purpose of R.C. 3119.24, "extraordinary circumstances of the parents" includes the following: "(1) The ability of each parent to maintain adequate housing for the children; (2) Each parent's expenses, including child care expenses, school tuition, medical expenses, dental expenses, and any other expenses the court considers relevant; [and] (3) Any other circumstances the court considers relevant." R.C. 3119.24(B).  Additionally, the factors or criteria set forth in R.C. 3119.23 are as follows:

(A) Special and unusual needs of the child or children, including needs arising from the physical or psychological condition of the child or children;

(B) Other court-ordered payments;

(C) Extended parenting time or extraordinary costs associated with parenting time, including extraordinary travel expenses when exchanging the child or children for parenting time;

(D) The financial resources and the earning ability of the child or children;

(E) The relative financial resources, including the disparity in income between parties or households, other assets, and the needs of each parent;

(F) The obligee's income, if the obligee's annual income is equal to or less than one hundred per cent of the federal poverty level;

(G) Benefits that either parent receives from remarriage or sharing living expenses with another person;

(H) The amount of federal, state, and local taxes actually paid or estimated to be paid by a parent or both of the parents;

(I) Significant in-kind contributions from a parent, including, but not limited to, direct payment for lessons, sports equipment, schooling, or clothing;

(J) Extraordinary work-related expenses incurred by either parent;

(K) The standard of living and circumstances of each parent and the standard of living the child would have enjoyed had the marriage continued or had the parents been married;

(L) The educational opportunities that would have been available to the child had the circumstances requiring a child support order not arisen;

(M) The responsibility of each parent for the support of others, including support of a child or children with disabilities who are not subject to the support order;

(N) Post-secondary educational expenses paid for by a parent for the parent's own child or children, regardless of whether the child or children are emancipated;

(O) Costs incurred or reasonably anticipated to be incurred by the parents in compliance with court-ordered reunification efforts in child abuse, neglect, or dependency cases;

(P) Extraordinary child care costs required for the child or children that exceed the maximum state-wide average cost estimate as described in division (P)(1)(d) of section 3119.05 of the Revised Code, including extraordinary costs associated with caring for a child or children with specialized physical, psychological, or educational needs;

(Q) Any other relevant factor.

If the court grants a deviation based on division (Q) of this section, it shall specifically state in the order the facts that are the basis for the deviation.

In view of these provisions, it is clear that " 'there is no bright-line test to determine when a deviation is warranted.' " (Internal quotation omitted.) *Habtemariam v. Worku*, 10th Dist. No. 19AP-47, 2020-Ohio-3044, ¶ 36, quoting *Weaver* at ¶ 11.

{¶ 23} Here, after considering the factors outlined above from R.C. 3119.23 and 3119.24, the trial court ordered an upward deviation from the guideline child support amount, directing Lee to pay Shannon $2,300 per month in child support. The guideline child support amount calculated pursuant to the provisions of R.C. 3119.022 resulted in a total obligation of $2,039.87 per month, reflecting the mandatory 10 percent reduction of the basic child support amount pursuant to R.C. 3119.051(A). Lee argues, however, that the trial court erred in granting an upward deviation based on the factors in R.C. 3119.23 and 3119.24. Instead, Lee asserts that pursuant to R.C. 3119.231, the court should have resulted in a downward deviation from the guideline amount.

{¶ 24} R.C. 3119.231 provides:

(A) If court-ordered parenting time exceeds ninety overnights per year, the court shall consider whether to grant a deviation pursuant to section 3119.22 of the Revised Code for the reason set forth in division (C) of section 3119.23 of the Revised Code.

> This deviation is in addition to any adjustments provided under division (A) of section 3119.051 of the Revised Code.
>
> (B) If court-ordered parenting time is equal to or exceeds one hundred forty-seven overnights per year, and the court does not grant a deviation under division (A) of this section, it shall specify in the order the facts that are the basis for the court's decision.

{¶ 25} Thus, pursuant to R.C. 3119.231(A), the trial court may grant an additional deviation along with the deviation contained in R.C. 3119.051. Moreover, if the overnight parenting time exceeds the overnights contained in R.C. 3119.231(B) and the trial court does not grant a deviation, the trial court "shall specify in the order the facts that are the basis for the court's decision."

{¶ 26} Here, it is undisputed that Lee's parenting time exceeds 147 overnights per year. Although Lee requested a downward deviation, the trial court considered his request in detail and, pursuant to R.C. 3119.231(B), explained its reasons for not granting a downward deviation. Instead, the trial court listed the factors it considered to have greater significance in granting an upward deviation from the guideline support amount. Specifically, the trial court found that the facts under R.C. 3119.23(E) and (K) and R.C. 3119.24(B)(1)-(3) were important considerations in considering the needs and standard of living of the three minor children. These factors relate to the relative financial resources of the parents, the standard of living the children would have enjoyed had the marriage continued, and the ability of each parent to maintain adequate housing for the children, the parents' expenses, and any other relevant circumstances. Importantly, the trial court noted the comparative financial situation of the parties outweighed Lee's extended parenting time.

{¶ 27} Lee asserts that Shannon's position in the trial court was that Lee should pay the guideline child support amount, and he thus argues the trial court abused its discretion in granting an upward deviation when Shannon did not request it. However, we note that Shannon calculated the guideline amount to be $3,101.36 per month, significantly more than the trial court's calculated guideline amount. The ultimate amount awarded, though an upward deviation from the guideline amount, is still less than the amount Shannon requested.

{¶ 28} Ultimately, Lee disagrees with the weight the trial court afforded the various factors in R.C. 3119.23 and 3119.24 in determining it would grant an upward deviation from the guideline child support amount. Despite his argument that the updated statutory scheme suggests that his increased parenting time should weigh more heavily in favor of reducing his child support obligation, the child support statutes, as updated in March 2019, still vest the trial court with the discretion to determine when and whether to grant a deviation from the guideline child support amount. Lee disagrees with the trial court's determination, but he does not demonstrate that the trial court abused its discretion in weighing the statutory factors and granting an upward deviation from the guideline child support amount.

{¶ 29} For these reasons, we find the trial court did not abuse its discretion in ordering Lee to pay Shannon $2,300 per month in child support. We overrule his third and final assignment of error.

## VI. Disposition

{¶ 30} Based on the foregoing reasons, the trial court did not abuse its discretion in determining the equitable division of marital property and debts, in determining the duration of the spousal support order, or in determining the amount of the child support order. Having overruled Lee's three assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations and Juvenile Branch.

*Judgment affirmed.*

BRUNNER and BEATTY BLUNT, JJ., concur.