[Cite as *R.G. v. N.G.*, 2022-Ohio-1886.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| R.G. | : | JUDGES: |
| | : | Hon. Earle E. Wise, Jr., P.J. |
| First Petitioner-Appellant | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| N.G. | : | Case No. 2021 CA 00093 |
| | : | |
| Second Petitioner-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common
                             Pleas, Domestic Relations Division,
                             Case No. 2012 DR 01063 DF


JUDGMENT:                    Affirmed/Reversed in Part and
                             Remanded


DATE OF JUDGMENT:            June 3, 2022


APPEARANCES:

For First Petitioner-Appellant          For Second Petitioner-Appellee

CHRISTOPHER L. TROLINGER               NINA M. GETREU
175 South Third Street                 683 West Broadway Street
Suite 720                              Apt. 1
Columbus, OH  43215                    Granville, OH  43023

*Wise, Earle, P.J.*

{¶ 1}   First Petitioner-Appellant, R.G., appeals the November 3, 2021 judgment entry of the Court of Common Pleas of Licking County, Ohio, Domestic Relations Division, on the issue of child support.  Second Petitioner-Appellee is N.G.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   Appellant and appellee were granted a dissolution on October 16, 2012. The parties have two children.  Pursuant to a shared parenting plan and separation agreement signed by the parties, appellant was to pay child support in the amount of $300 per month, per child.

{¶ 3}   On September 21, 2018, child support for the parties' older child terminated because the child attained the age of majority.

{¶ 4}   On April 2, 2020, appellant filed a motion for termination or modification of shared parenting decree that contained a motion to modify child support.  Appellee filed her own motion to modify and/or increase child support on May 6, 2020.

{¶ 5}   On November 30, 2020, the parties submitted and the trial court signed an agreed judgment entry wherein they agreed to maintain the shared parenting plan.  The contested issues were child support modification, summer parenting time, and tax exemption.  A hearing was held on December 2, 2020.  At the start of the hearing, the trial court noted the parties would have "limited time."  By judgment entry filed December 11, 2020, the trial court issued orders relative to child support.  The trial court determined appellant's income, imputed income to appellee, adjusted appellant's obligation by $4,500 per year because he provides health insurance for the child, deviated appellant's obligation by 10% because appellant had overnight parenting in excess of ninety days,

and further deviated his obligation by $76.29 per month because it was "just, appropriate, and in the child's best interest and the reason for the deviation is the extended parenting time and support provided by Father."  The trial court set appellant's child support obligation at $700.42 per month, alternated years for tax purposes, and determined the parties could each take the child on a 9-day summer vacation each year, with notification requirements.  An additional judgment entry was filed on December 16, 2020, to correct a scrivener's error.

{¶ 6}  On December 30, 2020, appellant filed an appeal, challenging the imputation of income for appellee and claiming the trial court arbitrarily determined the amount of deviation and violated his rights by limiting his presentation of evidence.  On appeal, this court found "the trial court committed error in only imputing full-time minimum wage to Mother instead of $24,585.60" and erred and abused its discretion by failing to apply the statutory factors in determining the amount of deviation in child support.  *Getreu v. Getreu,* 5th Dist. Licking No. 2020 CA 00083, 2021-Ohio-2761, ¶ 46-47 (*"Getreu I"*). On the issue of a limited hearing, "we find the imposition by the trial judge of such a limited time period on both parties in this case concerning, [however] Father did not appropriately object to the time limitation imposed by the trial court."  *Id.* at ¶ 64.  We concluded, "counsel for Father did not appropriately object to the time limitation, made no proffer, and did not state either at the trial court level or on appeal what additional evidence he sought to introduce, or how this evidence may have impacted the trial court's decision." *Id.* at ¶ 66.  We remanded the case for further proceedings.

{¶ 7}  Upon remand, in a judgment entry filed August 13, 2021, the trial court imputed appellee's income to that of $24,585.60 per this court's opinion.  On October 11,

2021, the trial court held a supplemental hearing on the deviation issue and heard additional evidence from both parties. By judgment entry filed November 3, 2021, the trial court considered the deviation statutory factors and found a monthly downward deviation of $74.98 per month ($899.76 annually) as well as a monthly upward deviation of $75.00 ($900.00 annually).

{¶ 8} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶ 9} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY CONSIDERING AND FINDING AN UPWARD DEVIATION AS SUCH WAS CONSIDERATION AND FINDING WAS BARRED BY THE LAW OF THE CASE DOCTRINE IN THE MANDATE RULE."

II

{¶ 10} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY ARBITRARILY DETERMINING THE AMOUNT OF DEVIATION IN CHILD SUPPORT FOR APPELLANT-OBLIGOR."

III

{¶ 11} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY FAILING TO PROVIDE THE CASH MEDICAL DEVIATION ON THE GUIDELINE CHILD SUPPORT WORKSHEET."

I

{¶ 12} In his first assignment of error, appellant claims the trial court erred and abused its discretion in considering and finding an upward deviation as such was barred by the law of the case doctrine.  We disagree.

{¶ 13} In *Nolan v. Nolan,* 11 Ohio St.3d 1, 3, 462 N.E.2d 410 (1984), the Supreme Court of Ohio explained "law of the case doctrine" as follows:

Briefly, the doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.

The doctrine is considered to be a rule of practice rather than a binding rule of substantive law and will not be applied so as to achieve unjust results.  However, the rule is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution.

In pursuit of these goals, the doctrine functions to compel trial courts to follow the mandates of reviewing courts.  Thus, where at a rehearing following remand a trial court is confronted with substantially the same facts and issues as were involved in the prior appeal, the court is bound to adhere to the appellate court's determination of the applicable law.  (Citations omitted.)

{¶ 14} In *Getreu I,* appellant specifically argued in Assignment of Error III: "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY ARBITRARILY DETERMINING THE AMOUNT OF DEVIATION IN CHILD SUPPORT FOR APPELLANT-OBLIGOR INSTEAD OF APPLYING THE STATUTORY FACTORS." This court agreed and stated the following at ¶ 53-55:

Pursuant to sections R.C. 3119.231(A), R.C. 3119.22, and R.C. 3119.24, in determining whether a deviation is appropriate and the amount of the deviation in a shared parenting case, the trial court considers whether the calculated amount is inappropriate or unjust and not in the best interest of the child by applying the relevant factors in R.C. 3119.23 and the extraordinary circumstances in R.C. 3119.24.

In this case, the trial court did not state whether or how it considered the relevant factors in R.C. 3119.23 or the extraordinary circumstances in R.C. 3119.24 in its judgment entry and did not include any facts to support how it arrived at the additional 10% deviation.

* * *

The statutory language provides that, unlike the automatic or standard deviation of 10% contained in R.C. 3119.051, the additional deviation is not standard. The additional deviation should be based upon the facts and circumstances of each case, taking into consideration the factors and circumstances as contained in R.C. 3119.23, R.C. 3119.231, and R.C. 3119.24, such that this Court can conduct a meaningful review as

to whether the trial court abused its discretion in determining whether to deviate and in determining the deviation amount.  (Citations omitted.)

{¶ 15} This court remanded the matter to the trial court "for proceedings consistent with this opinion."  *Id.* at ¶ 77.

{¶ 16} In *Getreu I,* appellant specifically challenged in Assignments of Error IV and V the hearing conducted by the trial court, arguing the trial court erred, abused its discretion, and violated his due process rights by limiting the presentation of evidence and the cross-examination of witnesses.  This court denied the assignments, finding, "[a]lthough we find the imposition by the trial judge of such a limited time period on both parties in this case concerning, Father did not appropriately object to the time limitation imposed by the trial court."  *Id.* at ¶ 64.  This court found appellant did not appropriately object to the time limitation or the manner of cross-examining the witnesses, "made no proffer, and did not state either at the trial court level or on appeal what additional evidence he sought to introduce, or how this evidence may have impacted the trial court's decision" as well as "what further questions he sought to ask the witnesses upon cross-examination."  *Id.* at ¶ 64, 66.

{¶ 17} In its November 3, 2021 judgment entry after remand, the trial court noted the following: "The Court of Appeals found that the Second Petitioner should have been imputed higher income, further that the Court did not properly address the deviation factors to be considered, and finally, that the Court failed to give the parties adequate time to present evidence of the same."  Although this court commented the limited hearing was concerning, this court did not make a specific finding that the trial court failed to give

the parties a full hearing.  Nevertheless, this court did instruct the trial court to conduct "proceedings" to determine the statutory factors relative to deviation in child support as requested by appellant.  Based upon the remand, the deviation issue was reopened and the trial court was free to conduct a supplemental hearing in aid of its determination of the statutory factors.  After hearing and conducting a statutory analysis, the trial court found a downward deviation as well as an upward deviation.  The trial court did as instructed by this court.

{¶ 18} Upon review, we do not find the law of the case doctrine to apply in this case.

{¶ 19} Assignment of Error I is denied.

II

{¶ 20} In his second assignment of error, appellant claims the trial court erred and abused its discretion in determining the amount of deviation in child support.  We disagree.

{¶ 21} Appellant argues the trial court arbitrarily determined the downward deviation, and the upward deviation was improper for the reasons set forth in Assignment of Error I.  As we found above, the upward deviation was a proper consideration for the trial court.

{¶ 22} As this court stated in *Getreu I* at ¶ 48:

> When issuing an order of child support, the trial court must calculate the amount of support "in accordance with the basic child support schedule, the applicable worksheet, and the other provisions of Chapter 3119."  R.C.

3119.02. The child support amount that results from the use of the basic worksheet is presumed to be the correct amount of child support due. R.C. 3119.03. However, under R.C. 3119.22, a court may deviate from the guideline amount of child support, if, after consideration of the factors set forth in R.C. 3119.23, the court determines that the guideline amount "would be unjust or inappropriate and therefore not in the best interest of the child." R.C. 3119.22. The trial court is vested with the discretion to determine when and whether to grant a deviation from the guideline child support amount. *Caleshu v. Caleshu*, 10th Dist. Franklin No. 19AP-742, 2020-Ohio-4075; *Bible v. Bible*, 5th Dist. Coshocton No. 2018CA0001, 2018-Ohio-5147.

{¶ 23} Pursuant to R.C. 3119.22, if a trial court "deviates, the court must enter in the journal the amount of child support calculated pursuant to the basic child support schedule and the applicable worksheet, its determination that the amount would be unjust or inappropriate and therefore not in the best interest of the child, and findings of fact supporting that determination." R.C. 3119.23 lists seventeen factors for the trial court to consider. Subsection (C) provides for a deviation for extended parenting time. R.C. 3119.231 governs requirements for court when court-ordered parenting time equals or exceeds certain number of overnights per year and states as follows:

(A) If court-ordered parenting time exceeds ninety overnights per year, the court shall consider whether to grant a deviation pursuant to section 3119.22 of the Revised Code for the reason set forth in division (C)

of section 3119.23 of the Revised Code.  This deviation is in addition to any adjustments provided under division (A) of section 3119.051 of the Revised Code.

(B) If court-ordered parenting time is equal to or exceeds one hundred forty-seven overnights per year, and the court does not grant a deviation under division (A) of this section, it shall specify in the order the facts that are the basis for the court's decision.

{¶ 24} R.C. 3119.051(A) states:

Except as otherwise provided in this section, a court or child support enforcement agency calculating the amount to be paid under a child support order shall reduce by ten per cent the amount of the annual individual support obligation for the parent or parents when a court has issued or is issuing a court-ordered parenting time order that equals or exceeds ninety overnights per year.  This reduction may be in addition to the other deviations and reductions.

{¶ 25} In *Getreu I,* this court found the following at ¶ 55:

Based upon the lack of discussion of the factors and/or extraordinary circumstances in the judgment entry and the statement by the trial court at the hearing that an obligor who has more than 147 overnights is given a

"standard" 10% additional deviation, we find the trial court committed error in its determination of the amount of additional deviation. The statutory language provides that, unlike the automatic or standard deviation of 10% contained in R.C. 3119.051, the additional deviation is not standard. The additional deviation should be based upon the facts and circumstances of each case, taking into consideration the factors and circumstances as contained in R.C. 3119.23, R.C. 3119.231, and R.C. 3119.24, such that this Court can conduct a meaningful review as to whether the trial court abused its discretion in determining whether to deviate and in determining the deviation amount.

{¶ 26} In its November 3, 2021 judgment entry after remand, the trial court considered the R.C. 3119.23 factors and found a downward deviation in the amount of $74.98 per month was appropriate for extended parenting time, as the child support obligor (appellant) "has approximately one hundred and eighty-three overnights of parenting time which justifies a deviation for the same." The trial court did not explain how it arrived at the $74.98 per month figure. However, the amount is very close to the ten percent given in the automatic downward deviation for ninety overnights pursuant to R.C. 3119.051(A) ($77.04). Appellant has an additional ninety-three overnights. We do not find the $74.98 amount to be an abuse of discretion to account for basically the same number of overnights. We do not find the amount to be arbitrary.

{¶ 27} The trial court also found an upward deviation in the amount of $75.00 per month was appropriate. The trial court listed five reasons with an assigned value explaining how it arrived at the $75.00 per month figure.

{¶ 28} The trial court reviewed the evidence presented, analyzed the statutory factors, and assigned values to R.C. 3119.23(C), (E), (G), (I), (K), and (N). The trial court's findings are supported in the record. T. at 8, 11, 14, 15, 51-52, 59, 63, 69-70, 75, 77, 86.

{¶ 29} Upon review, we find the trial court did not abuse its discretion in determining the amount of deviation in child support.

{¶ 30} Assignment of Error II is denied.

III

{¶ 31} In his third assignment of error, appellant claims the trial court erred and abused its discretion in failing to provide the cash medical deviation on the guideline child support worksheet. We agree.

{¶ 32} In its December 11, 2020 judgment entry, the trial court determined the "cash medical that is due and owing shall be deviated down to $0.00, so long as private health insurance is being provided for the minor child." October 11, 2021 T. at 8, 46-47. A review of the child support worksheet attached to the November 3, 2021 judgment entry does not indicate that the cash medical was deviated down to $0.00.

{¶ 33} The matter is remanded to the trial court to deviate the cash medical down to $0.00.

{¶ 34} Assignment of Error III is granted.

{¶ 35} The judgment of the Court of Common Pleas of Licking County, Ohio, Domestic Relations Division, is hereby affirmed in part and reversed in part, and the matter is remanded to said court to deviate the cash medical down to $0.00.

By Wise, Earle, P.J.

Delaney, J. and

Baldwin, J. concur.


EEW/db