[Cite as *Higgins v. Buehrer*, 2016-Ohio-7214.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| JACOB A. HIGGINS, | : | APPEAL NO. C-160288 |
| | | TRIAL NO. A-1405209 |
| Plaintiff-Appellant, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| | : | |
| STEPHEN BUEHRER, | : | |
| ADMINISTRATOR OHIO BUREAU OF | | |
| WORKERS' COMPENSATION, | : | |
| | | |
| Defendant-Appellee, | : | |
| | | |
| and | : | |
| | | |
| WALTER R. COSBY CORPORATION, | : | |
| | | |
| Defendant. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal: October 5, 2016

*Weisser & Wolf* and *Scott A. Wolf*, for Plaintiff-Appellant,

*Michael DeWine*, Ohio Attorney General, and *Jose A. Martinez*, Assistant Attorney General, for Defendant-Appellee.

SYLVIA S. HENDON, Judge.

{¶1}    Plaintiff-appellant Jacob Higgins has appealed from the trial court's entry finding in favor of defendant-appellee the Ohio Bureau of Workers' Compensation ("the Bureau") and holding that he was not entitled to participate in the workers' compensation fund for the conditions of depression and anxiety.  In two assignments of error, he argues that the trial court failed to properly apply the principle of dual causation, and that the trial court erred by failing to review medical exhibits that had been stipulated by both parties and admitted into evidence.

{¶2}    Because the trial court rendered judgment without examining the stipulated exhibits, we reverse its judgment and remand this cause for a new trial.

### Factual Background

{¶3}    Higgins had been injured in a workplace accident in 1990 and was allowed to participate in the workers' compensation fund for various conditions.   In 2013, he moved to amend his claim to allow for participation in the fund for the conditions of depressive disorder and anxiety disorder.  His claim was disallowed at all administrative levels, and he appealed to the court of common pleas.

{¶4}    A bench trial was held on Higgins' claims on December 12, 2014.  At the start of trial, the court indicated that it had read the transcripts containing the deposition testimony of both parties' expert witnesses.  Before offering opening statements, the parties gave the trial court 13 stipulated exhibits concerning Higgins' prior medical records.  Higgins then testified about the history of his injury, his various life experiences, and his depression and anxiety.  At the close of testimony, the trial court formally accepted the deposition transcripts of both experts and the

stipulated exhibits into evidence. After closing arguments, and without examining the stipulated exhibits, the trial court immediately issued a ruling from the bench denying Higgins the right to participate in the workers' compensation fund for the conditions of depression and anxiety.

### *Failure to Review Exhibits*

{¶5}   We begin with Higgins' second assignment of error, as it is dispositive of this appeal. In that assignment of error, Higgins argues that the trial court erred in not reviewing the stipulated exhibits that were admitted into evidence by the trial court. It is apparent on the record that the trial court issued its ruling immediately upon the close of trial without reviewing these exhibits. And the Bureau concedes that the trial court failed to examine the exhibits.

{¶6}   A trial court has a duty to thoroughly review all evidence and exhibits that were made a part of the record in the case before it prior to entering judgment. *See Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 360, 604 N.E.2d 138 (1992) (holding that "Civ.R. 56(C) places a mandatory duty on a trial court to thoroughly examine all appropriate materials filed by the parties before ruling on a motion for summary judgment."). While this case involves a bench trial, rather than a motion for summary judgment, the rationale for such a requirement is equally applicable. A thorough examination of the entire record, including exhibits, is necessary to determine whether a party has met its imposed burden. *Id.* at 359.

{¶7}   A trial court cannot selectively choose to examine some evidence and refuse to consider other properly admitted evidence altogether. Once the trial court has examined the entire record, it is well within the province of the court to find certain evidence credible and other evidence not credible, and to accordingly give

greater weight to particular evidence. But the entire record must be examined before such credibility determinations can be made.

{¶8}    Although the trial court must review the entire record, there is no requirement that a trial court must state on the record that it has, in fact, considered all evidence and exhibits.  *See Burkhart v. Burkhart*, 6th Dist. Huron No. H-80-39, 1981 Ohio App. LEXIS 11421, *12-13 (Sept. 4 1981) (holding that "[t]he court's failure to mention an exhibit does not indicate a failure of the court to consider the evidence.  The court is deemed to have reviewed the entire record and all of the evidence admitted * * *.").  Generally, unless the record affirmatively demonstrates otherwise, we presume the regularity of the proceedings below and that the trial court considered all parts of the record.  *See Stanley v. Ohio State Univ. Med. Ctr.*, 10th Dist. Franklin No. 12AP-999, 2013-Ohio-5140, ¶ 50.

{¶9}    This is the rare case in which it has been affirmatively demonstrated that the trial court failed to consider all evidence.  Not only is the trial court's error apparent in a reading of the transcript of the proceedings below, but the Bureau has conceded that the trial court failed to examine the stipulated exhibits.  On these facts, we sustain Higgins' second assignment of error and hold that the trial court erred in entering judgment without reviewing all exhibits that had been admitted into evidence.  Our holding renders Higgins' first assignment of error moot.

{¶10} We reverse the trial court's entry denying Higgins the right to participate in the workers' compensation fund for the conditions of depression and anxiety, and we remand this cause for a new trial on Higgins' claims.

Judgment reversed and cause remanded.

**FISCHER, P.J.,** and **MOCK, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.