**[Cite as *Browning v. Zoological Soc. of Cincinnati*, 2020-Ohio-4042.]**

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| MELISSA BROWNING, | : | APPEAL NO. C-190381 |
| | | TRIAL NO. A-1802224 |
| Plaintiff-Appellee, | : | |
| | : | |
| vs. | : | *O P I N I O N.* |
| | : | |
| ZOOLOGICAL SOCIETY OF CINCINNATI, | : | |
| | : | |
| Defendant-Appellant, | : | |
| | : | |
| and | : | |
| | : | |
| SARAH MORRISON, ADMINISTRATOR, OHIO BUREAU OF WORKERS' COMPENSATION, | : | |
| | : | |
| Defendant. | : | |


Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: August 12, 2020


*Kneflin and Associates, LLC, Chrisopher Kneflin* and *Brent Martini*, for Plaintiff-Appellee Melissa Browning,

*Taft, Stettinius & Hollister, LLP*, and *Andrew R. Thaler*, for Defendant-Appellant Zoological Society of Cincinnati.

**BERGERON, Judge.**

{¶1}   In this worker's compensation appeal, the entire basis for seeking to overturn the trial court's result is the court's admission that it may not have scrutinized each page of the record.  The employer seizes upon this as its ticket for reversal, but in so doing, seeks to impose an obligation on trial courts to fly-speck every sheet of paper that the parties heave onto their desks.  The trial court here evinced great familiarity with the case and the nuances of the claim at hand, and certainly reviewed the record in depth.  We have no hesitation in affirming its decision.

{¶2}   In January 2013, plaintiff-appellee Melissa Browning suffered an ankle injury during the course of her employment with defendant-appellant Zoological Society of Cincinnati (the "Zoo").  Stemming from this injury, Ms. Browning filed a claim with the Ohio Bureau of Workers' Compensation, with her claim permitted as to the conditions of left ankle sprain, closed fracture of the lateral malleolus, and right knee contusion.  Ms. Browning subsequently requested participation for an additional condition of "stage II posterior tibial tendon insufficiency with accessory navicular displacement."  But this condition did not fare as well, with all three administrative levels of the Industrial Commission denying this request.  Ms. Browning accordingly appealed to the court of common pleas.

{¶3}   In April 2019, the trial court convened a single-day trial.  During the trial, Ms. Browning presented her treating physician's deposition, while the Zoo offered counter expert testimony (also by way of deposition).  Both physicians agreed that Ms. Browning suffered from the requested accessory navicular displacement condition, but fenced over the condition's relation to any work injury.  Also during trial, the court admitted into evidence the parties' stipulated joint exhibits containing

Ms. Browning's prior medical records, all contained in a single binder. Upon receiving all of this evidence and testimony, the court then retired, taking a day to review everything. The next day, the parties returned and the court announced its decision, opening the hearing with a candid statement:

> THE COURT: I've listened to the testimony. I've reviewed the medical opinions and some of the records. I can't say I've reviewed each and every one of 500 pages or so.

The court then proceeded to emphasize the specific portions of the evidence and testimony that it relied upon, ultimately finding in Ms. Browning's favor. In the wake of this decision, the Zoo now appeals, not contesting the merits of the trial court's determination but rather assigning error to the court's purported failure to review the entire record prior to entering its judgment.

{¶4} The Zoo proclaims that the court committed reversible error when it failed to consider all the exhibits before rendering judgment, citing *Higgins v. Buehrer*, 1st Dist. Hamilton No. C-160288, 2016-Ohio-7214, for support. Specifically, the Zoo posits that, because the court acknowledged it "can't say [it] reviewed each and every one of 500 pages or so," the record demonstrates that the trial court failed to examine the stipulated joint exhibits prior to ruling in favor of Ms. Browning.

{¶5} Because the Zoo doubles down on *Higgins*, we begin there. In *Higgins*, a single-day bench trial commenced, with the parties offering the court, prior to opening statements, several stipulated exhibits concerning Mr. Higgins's prior medical records, which the court admitted. However, after closing arguments, the trial court immediately issued its ruling, never examining the stipulated exhibits the parties tendered the court earlier that day. This court ultimately reversed and

3

remanded for a new trial, holding that a trial court possesses "a duty to thoroughly review all evidence and exhibits that were made a part of the record in the case before it prior to entering judgment," which the trial court failed to do in that case. *Id.* at ¶ 6. We reasoned that an examination of the entire record is necessary for evaluating whether a party satisfied its burden and for properly rendering credibility determinations. *Id.* at ¶ 6-7. Therefore, because the record "affirmatively demonstrated that the trial court failed to consider all evidence," specifically the stipulated exhibits, this court reversed and remanded for a new trial. *Id.* at ¶ 9.

{¶6} Reading *Higgins* broadly, the Zoo seemingly envisions that *Higgins* requires a trial court to independently dissect each and every page of the record prior to issuing its decision. We think this pushes *Higgins* past its breaking point. As this court emphasized, *Higgins* constituted a "rare case in which it ha[d] been affirmatively demonstrated that the trial court failed to consider all evidence," with the court admitting the stipulated exhibits at the beginning of the single-day trial, and then rendering a decision later that very day without taking any time to review the exhibits. *Id.* at ¶ 9. In other words, the trial court in *Higgins* effectively refused to examine properly-admitted evidence. *See id.* at ¶ 7. While the trial court must "thoroughly review all evidence and exhibits" admitted before its ruling, *id.* at ¶ 6, we never suggested that the trial court must break out the magnifying glass to scrutinize each scrap of paper in the record.

{¶7} The Zoo's position seems to hinge on the notion that just because an exhibit was stipulated to by the parties, it must be critically relevant. Not so. Attorneys stipulate to exhibits all the time for various reasons, and they often fill the record with scores of admissible exhibits that might have no bearing on the court's overall analysis. We are loath to place a burden on the trial court to individually

4

inspect countless pages of records not necessarily relevant to the issue at hand. To read *Higgins* as such would essentially shift the parties' burden to the trial court, with the likely result that they would inject even more extraneous documents into the record, hoping for a safety valve for an appeal if the trial court failed to recall the details of each page. *See GMS Mgt. Co. v. Nguyen*, 9th Dist. Wayne No. 08CA0014, 2008-Ohio-6574, ¶ 20 ("[A]nd it was [the appellant's] lawyer's job, through argument, to call the trial court's attention to relevant provisions and explain their relevance."); *In re S Children*, 1st Dist. Hamilton Nos. C-170624 and C-170653, 2018-Ohio-2961, ¶ 24 ("Moreover, we do not accept the argument that it is the trial court's duty to root through the records to unearth evidence favorable to a party. We utilize an adversarial court system, not an inquisitional one.").

{¶8} That is not what *Higgins* contemplated. We have a trial court here who professed to review the record, and whose detailed comments in issuing its decisions reflected a command of that very record. Unlike *Higgins*, we do not see any indication of a trial court skirting its obligations and refusing to consider record evidence. *See In re S Children* at ¶ 23-24 (reasoning the trial court's statement that it had not " 'had an opportunity to review every single page in those medical records,' " did not "mean that the court had not looked at the documents at all," and thus unlike *Higgins*, the trial court "did not clearly fail to review exhibits prior to ruling."). Accordingly, we cannot find this is one of the rare cases where the record affirmatively demonstrates the trial court failed to consider all the evidence prior to its ruling.

{¶9} We accordingly overrule the Zoo's sole assignment of error and affirm the judgment of the trial court.

Judgment affirmed.

5

**MYERS, P.J.**, and **CROUSE, J.**, concur.

Please note:
    The court has recorded its own entry this date.

