[Cite as *Poe v. Poe*, 2023-Ohio-4394.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Sandra F. Poe,                                       :

       Plaintiff-Appellee,                    :              No. 22AP-657
                                                                                (C.P.C. No. 20DR-2657)
v.                                                            :

                                                                        (REGULAR CALENDAR)
Herman L. Poe, Jr.,                              :

       Defendant-Appellant.                :

---

D E C I S I O N

Rendered on December 5, 2023

---

**On brief:** *Rebecca J. Stumler*, for appellee.

**On brief:** *Cordell, LLP, Kyrah A. Jackson*, and *Cassie L. Screngi*, for appellant.

---

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, Herman L. Poe, Jr., appeals from a judgment entry/decree of divorce of the Franklin County Court of Common Pleas, Division of Domestic Relations, ordering Herman to pay spousal support in the amount of $1,200 per month to plaintiff-appellee, Sandra F. Poe. For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} Herman and Sandra were married on June 17, 1995 and they have two emancipated children. The parties separated in 2020, and on August 10, 2020, Sandra filed an amended complaint for divorce. Pursuant to Civ.R. 75(N), the parties entered into an agreed upon temporary order on January 21, 2021 under which the magistrate ordered Herman to pay Sandra $400.00 per month in temporary spousal support. Each party

agreed to pay their own debts, living expenses, and attorney fees. In the agreed temporary order, the magistrate ordered Herman to maintain Sandra on his health, dental, and vision insurance.

{¶ 3} On July 7, 2022, the trial court conducted a full evidentiary hearing. Subsequently, in a September 30, 2022 Judgment Entry/Decree of Divorce, the trial court found the marital equity interest in the marital residence was $208,356.44, and the trial court ordered Herman to pay Sandra $104,178.22 to buy out her marital equity interest in the residence, leaving Herman with sole possession of the residence. The trial court found Sandra has one vehicle while Herman has four vehicles, two of which he inherited and are separate property. The trial court ordered Sandra to be awarded the 2018 Lexus NX 300, ordered Herman to retain the 2012 Kia Optima, and ordered Herman to sell the 2012 Dodge Caliber.

{¶ 4} Both parties have retirement benefits, and the trial court ordered the parties to equalize benefits. Sandra has two 401(k) plans with a combined value of $15,059.83. Herman is a federal government employee and has both a Thrift Savings Plan ("TSP") valued at $369,309.14 and a Federal Employee Retirement System ("FERS") pension with a separate property component as he started his federal employment a few years before the parties married. The trial court determined a coverture calculation can be used to assign Sandra a pro rata share of the FERS account. After accounting for Herman's and Sandra's marital equity interest in the other's retirement accounts, the trial court ordered Herman to transfer $177,124.64 to Sandra from Herman's TSP account. Herman has outstanding tax debt from 2017-2020 in the amount of $16,946.08, and the trial court ordered Herman to pay the balance of any liability on joint tax returns from 2017 forward and hold Sandra harmless. Further, the trial court found Sandra has more than $30,000.00 in credit card debt solely in her name and that it is equitable that Sandra be solely responsible for all credit card debt in her name, including the marital portion.

{¶ 5} The trial court considered the evidence related to the parties' finances and determined Herman has an annual gross income of $101,667.00 while Sandra has an annual gross income of $63,000.00. Sandra's current annual budget approximates $48,000.00, while Herman's annual budget totaled $52,848.00. The trial court determined Herman's net income to be $54,860.00 annually. The trial court found the

parties had a marriage of long duration and maintained a middle-class lifestyle during their marriage. The testimony indicated that Sandra is in good health and that Herman testified to having several health issues. After considering the factors in R.C. 3105.18(C), the trial court found an award of spousal support is reasonable and appropriate and ordered Herman to pay Sandra spousal support in the amount of $1,200.00 per month.

{¶ 6} On November 1, 2022, the trial court issued an amended entry, pursuant to Civ.R. 60(A) to clarify the amount of spousal support, ordering Herman to pay Sandra spousal support in the amount of $1,200.00 per month, plus a processing charge of 2 percent, resulting in a total monthly deduction of $1,224.00.[1] Herman timely appeals.

## II. Assignment of Error

{¶ 7} Herman assigns the following sole assignment of error for our review:

> The trial court erred in calculating an increase in spousal
> support against the factors of R.C. 3105.18.

## III. Discussion

{¶ 8} In his sole assignment of error, Herman argues the trial court abused its discretion in making its award of spousal support to Sandra.

{¶ 9} " '[S]pousal support' means any payment or payments to be made to a spouse or former spouse * * * that is both for sustenance and for support." R.C. 3105.18(A). In a divorce proceeding, a trial court may award "reasonable spousal support to either party." R.C. 3105.18(B). A trial court has broad discretion to determine the appropriate amount of spousal support based on the particular facts and circumstances of each case. *Kunkle v. Kunkle*, 51 Ohio St.3d 64, 67 (1990), *superseded by statute on separate grounds*. A reviewing court cannot substitute its judgment for that of the trial court absent a showing of an abuse of discretion. *Id.* An abuse of discretion connotes a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 19 (1983); *State ex rel. Deblase v. Ohio Ballot Bd.*, ___ Ohio St.3d ___, 2023-Ohio-1823, ¶ 27.

---

[1] The original September 30, 2022 Judgment Entry/Decree of Divorce stated on page 17 through 18 "[i]t is fair and equitable that Defendant pay permanent, modifiable spousal support to Plaintiff in the amount of $1,000 per month," but then in the immediately following paragraph stated "[i]t is therefore ordered * * * Herman shall pay Sandra spousal support in the amount of $1,200 per month, plus processing charge of 2% for a total deduction of $1,224 per month." Thus, the November 1, 2022 amended entry, the trial court amended the divorce decree to strike the phrase "permanent, modifiable spousal support to Plaintiff in the amount of $1,000 per month." (60(A) Entry to Amend the Entry filed Sept. 30, 2022.)

{¶ 10} R.C. 3105.18(C)(1) governs the trial court's discretion and requires the trial court to consider certain factors in determining whether spousal support is reasonable and appropriate. Similarly, R.C. 3105.18(C)(1) guides the trial court in determining the nature, amount, terms of payment, and duration of any such award of spousal support. In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and the duration of spousal support, the court must consider all the following factors:

(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;

(b) The relative earning abilities of the parties;

(c) The ages and the physical, mental, and emotional conditions of the parties;

(d) The retirement benefits of the parties;

(e) The duration of the marriage;

(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;

(g) The standard of living of the parties established during the marriage;

(h) The relative extent of education of the parties;

(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;

(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;

(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;

(l) The tax consequences, for each party, of an award of spousal support;

(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;

(n) Any other factor that the court expressly finds to be relevant and equitable.

R.C. 3105.18(C)(1). " 'The trial court must consider all of these factors; it may not base its decision regarding spousal support on any one factor in isolation.' " *McCall v. Kranz*, 10th Dist. No. 15AP-436, 2016-Ohio-214, ¶ 30, quoting *Gallo v. Gallo*, 10th Dist. No. 14AP-179, 2015-Ohio-982, ¶ 49, citing *Kaechele v. Kaechele*, 35 Ohio St.3d 93, 96 (1988).

{¶ 11} Here, the trial court analyzed all the factors set forth in R.C. 3105.18(C)(1) and, based on that analysis, ordered Herman to pay $1,200 per month in spousal support to Sandra. On appeal, Herman argues both the trial court did not make the required findings regarding the applicable statutory factors and that the trial court abused its discretion in determining the amount of spousal support to award. We disagree with both of these arguments.

{¶ 12} First, Herman argues the trial court did not identify which of the statutory factors in R.C. 3105.18 support its award of spousal support. We are mindful, however, that "[t]he trial court need not comment on each of the R.C. 3105.18(C)(1) factors; rather, the record need only demonstrate that the court considered them in making its award." *Kuper v. Halbach*, 10th Dist. No. 09AP-899, 2010-Ohio-3020, ¶ 50, citing *MacMurry v. Mayo*, 10th Dist. No. 07AP-38, 2007-Ohio-6998, ¶ 6-7. In order to allow for meaningful appellate review, " 'the trial court must indicate the basis for its spousal support award in sufficient detail to enable us to determine that the award is fair, equitable and in accordance with the law.' " *Smoyer v. Smoyer*, 10th Dist. No. 18AP-365, 2019-Ohio-3461, ¶ 56, quoting *Kaechele* at paragraph two of the syllabus; *Kuper* at ¶ 50.

{¶ 13} Contrary to Herman's argument, in determining spousal support is appropriate and reasonable and in determining the amount of spousal support, the trial court went through each of the statutory factors in R.C. 3105.18(C)(1) and listed the evidentiary support relative to each of the factors. In making the award of spousal support, the trial court then specifically noted the long duration of the marriage, the disparity in the parties' incomes, and the division of retirement and other assets. Thus, we do not agree

with Herman that the trial court did not indicate the basis for its award of spousal support in sufficient detail to enable meaningful appellate review.

{¶ 14} Next, Herman argues the trial court abused its discretion in determining the amount of spousal support. Herman argues the trial court did not give enough consideration to Sandra's increase in liquid assets following the property settlement. However, a review of the divorce decree indicates the trial court specifically noted, in consideration of the relative assets and liabilities of the parties pursuant to R.C. 3105.18(C)(1)(i), that "[Sandra] will have more liquidity" after Herman refinances and pays Sandra her share of the marital home equity. (Jgmt. Entry/Decree of Divorce at 16.) Herman additionally argues the trial court did not adequately consider Sandra's voluntary increase in her cost of living. Again, however, the record indicates the trial court reviewed the parties' standard of living throughout the course of their 27-year long marriage, as required by R.C. 3105.18(C)(1)(g), determining the parties established a middle-class lifestyle. Lastly, Herman argues the trial court failed to consider the impact of the refinanced mortgage payment on the marital home on Herman's annual budget, but the record indicates the trial court specifically found, pursuant to R.C. 3105.18(C)(1)(n), that Herman's budget does not include the potential increase in his mortgage payment when he refinances the marital home.

{¶ 15} Though Herman disagrees with the trial court's ultimate conclusion, he does not account for the trial court's recitation and weighing of the remaining factors listed in R.C. 3105.18(C)(1). Herman ignores the trial court's reliance on the duration of the parties' marriage, the disparity in the parties' income, and the examination and division of the parties' retirement and other assets and thus does not explain how the trial court abused its discretion in determining the amount of spousal support. *See Caleshu v. Caleshu*, 10th Dist. No. 19AP-742, 2020-Ohio-4075, ¶ 17, quoting *McCall* at ¶ 33 (finding no abuse of discretion in trial court's spousal support order where the appellant's argument " 'only addresses the duration of marriage, without considering other relevant factors favoring the award' "); *Gallo* at ¶ 49 (a trial court must consider all the factors listed in R.C. 3105.18(C)(1) in making its spousal support decision, not base its decision on any one factor in isolation).

{¶ 16} Having reviewed the record, we find the trial court considered and weighed each of the required factors under R.C. 3105.18(C)(1) in making its spousal support order.

Although Herman disagrees with the relative weight the trial court afforded to certain factors, we conclude the trial court did not abuse its discretion in setting the amount of the spousal support order at $1,200.00 per month. We overrule Herman's sole assignment of error.

## IV. Disposition

{¶ 17} Based on the foregoing reasons, the trial court did not abuse its discretion in determining the amount of the spousal support award. Having overruled Herman's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations.

*Judgment affirmed.*

DORRIAN and LELAND, JJ., concur.

_____