[Cite as *Miller v. Miller*, 2024-Ohio-821.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Myla Renee Miller, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 23AP-319 |
| v. | : | (C.P.C. No. 16DR-1690) |
| Craig Miller, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on March 7, 2024

**On brief:** *Myla Renee Miller*, pro se. **Argued:** *Myla Renee Miller*.

**On brief:** *The Behal Law Group LLC, Robert J. Behal*, and *DeAnna J. Duvall*, for appellant. **Argued:** *Robert J. Behal*.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

LELAND, J.

{¶ 1} Defendant-appellant, Craig Miller, appeals from an amended judgment entry - decree of divorce ("Amended Decree") issued by the Franklin County Court of Common Pleas, Division of Domestic Relations, following a remand from this court in *Miller v. Miller*, 10th Dist. No. 18AP-877, 2021-Ohio-4573. For the reasons that follow, we reverse.

**I. Facts and Procedural History**

{¶ 2} Appellant and plaintiff-appellee, Myla Renee Miller, were married June 15, 2004. Two children were born as issue of the marriage: M.M. on March 23, 2006 and A.M. on July 5, 2007. Appellant became an optometrist in 2004 and opened his optometry practice, Eye Columbus, L.L.C. ("Eye Columbus"), in 2010. Appellant was the sole owner of Eye Columbus. At the time of trial, appellee administered clinical trial contracts for

Parexel International, L.L.C. Appellee filed a complaint for divorce on April 26, 2016, and appellant filed an answer and counterclaim for divorce on May 18, 2016. Following a five-day trial in February and March 2018, the trial court issued its original decree of divorce ("Original Decree") on October 19, 2018.

{¶ 3} During the 2018 trial, the parties presented the court with expert testimony regarding the marital value of Eye Columbus. Appellee's expert, Courtney Sparks White, found the marital value of Eye Columbus to be $960,000. Appellant's expert, Bradford S. Eldridge, found the marital value of Eye Columbus to be $220,000. Appellant also presented expert testimony from Alan H. Cleinman, but the court was unable to qualify Cleinman as an expert witness. The parties stipulated that June 30, 2016 would be the de facto marriage termination date for purposes of determining "the marital property and debts of the parties, the valuation of the assets of the parties; and the equitable division of the marital estate." (Original Decree at 2, fn. 1.)

{¶ 4} In the Original Decree, the trial court found "*both* parties' financial valuations of Eye Columbus, LLC [] flawed in certain respects," but the court found appellant's "proffered valuation (i.e., $222,000) [to be] more flawed than [appellee's] (i.e., $960,000)." (Emphasis sic.) (Original Decree at 10.) The court adopted Sparks White's valuation, assigned $960,000 as the marital value of Eye Columbus, and allocated the parties' martial assets and liabilities. The court also relied on Sparks White's testimony to conclude that appellant's average income from 2015 to 2017 was $297,485. The court ordered appellant to pay child support in the amount of $1,140.51 per month and to pay non-modifiable spousal support in the amount of $5,500.00 per month for 48 months.

{¶ 5} Appellant appealed the Original Decree to this court, asserting the trial court inequitably divided the marital property, improperly imputed income to him, and erred by granting appellee spousal support. Appellant argued the trial court erred by relying on Sparks White's valuation of Eye Columbus because she "improperly disregarded ('backed out') $658,460 in discounts accorded to insurance payors as reflected in the company bookkeeping for 2016." *Miller* at ¶ 4. While Eye Columbus recorded discounts and adjustments of $0, $46,000, and $0 from 2013 to 2015, respectively, in the first half of 2016 the company recorded $658,460 in discounts. *Id.* at ¶ 6. Sparks White added the

$658,460 in discounts back into Eye Columbus's revenue which she then annualized for 2016. *Id.* During the 2018 trial, Sparks White acknowledged that Eye Columbus's recorded discounts for 2016 were "immensely out of line with any prior numbers," and admitted that she did not inquire as to why that was the case. (Feb. 28, 2018 Tr. Vol. I at 124.)

{¶ 6} In *Miller*, rendered December 28, 2021, this court determined that both with respect to the trial court's valuation of Eye Columbus and its assessment of appellant's income, the trial court "based its determinations not on a discrete block by block evaluation of the evidence, but on a global evaluation of which of the parties' competing experts was the more credible." *Id.* at ¶ 12. Although the trial court labeled Sparks White's valuation as flawed in certain respects, the court did not attempt to "explain *what* flaws it saw in Ms. Sparks-White's analysis" or "provide a sense as to the overall *magnitude* of the flaws it identified." (Emphasis sic.) *Id.* at ¶ 14. As such, we found the trial court needed to "evaluate whether those unspecified flaws counseled reexamination or revision of any of the expert's bottom line numbers." *Id.* at ¶ 14. We reversed and remanded for the trial court to "assess the evidence and formulate its views more precisely on what the proper allocation and appropriate and reasonable support results should be." *Id.* at ¶ 16.

{¶ 7} On March 16, 2022, the trial court held a hearing and informed the parties that *Miller* obligated the court to "get either different or supplemental or expanded expert testimony." (Mar. 16, 2022 Tr. at 6.) The court stated it would give the parties ten days to decide whether they could "pick a joint expert or whether [they would] retool [their] existing experts." (Mar. 16, 2022 Tr. at 17.) On April 14, 2022, the court issued a case management order setting the case for a June 14, 2022 evidentiary hearing. The order stated the hearing would be "the parties' ***final*** opportunity to be present and provide testimony and evidence, e.g., documents and <u>witnesses</u>, for the Court's consideration in rendering its final disposition of the parties' assets, debts and liabilities (both separate and marital) and spousal support." (Emphasis sic.) (Apr. 14, 2022 Order at 1.)

{¶ 8} On June 10, 2022, appellant filed a motion in limine asking the court to exclude any evidence regarding the value of Eye Columbus after the June 30, 2016 de facto termination date. Appellant asserted that, because the valuation of Eye Columbus was "frozen in time as of the *de facto* date of termination," the court could not consider any

evidence regarding the sale of Eye Columbus in 2019. (Mot. in Limine at 1.) The court did not rule on the motion in limine.

{¶ 9} Appellant presented the expert report and testimony of Rebekah Smith at the June 14, 2022 evidentiary hearing. The court qualified Smith as an expert in the area of business valuation. Appellee appeared at the hearing pro se, and informed the court that she would rely on Sparks White's unaltered expert report from the original trial. When appellee began to address the 2019 sale of Eye Columbus, appellant's counsel objected, arguing that the court could not consider the 2019 sale because it occurred after the de facto termination date. The court stated it would allow appellee to "put on whatever [evidence] she wants to put on," and that the court would give the evidence "the weight that [it] deem[ed] appropriate." (June 14, 2022 Tr. at 10.) Appellant's counsel made a standing objection "to any evidence that relates to what the businesses did or didn't do from June 30th, 2016, forward through today." (June 14, 2022 Tr. at 11.) The court acknowledged appellant's standing objection and explained that, although the de facto termination date applied to the valuation of the business, it did "not apply to [appellant's] income for support purposes." (June 14, 2022 Tr. at 98.)

{¶ 10} Smith testified she found the marital value of Eye Columbus to be $300,000. Smith addressed the $658,460 in discounts the company recorded in 2016 and stated that the seemingly significant increase in recorded discounts was "really just a presentation issue." (June 14, 2022 Tr. at 58.) Smith explained that, in 2016, Eye Columbus changed their accounting records "from being presented on a net basis to being presented on a gross basis with a discount showing separately." (June 14, 2022 Tr. at 59.) As such, Smith opined that Sparks White "overstated or inflated" Eye Columbus's 2016 performance by including the $658,460 in discounts in the company's revenue for 2016. (June 14, 2022 Tr. at 60.) At the conclusion of the hearing, appellant's counsel asked the court to consider retaining jurisdiction to modify the spousal support award.

{¶ 11} On June 22, 2022, appellant filed a motion to supplement the record with evidence regarding the parties' incomes from June 30, 2016 to June 14, 2022. The court granted the motion and instructed the parties to supplement the record with their complete

state and federal income tax returns from June 30, 2016 through June 14, 2022. The court held an evidentiary hearing on December 16, 2022 to address the income evidence.

{¶ 12} On May 2, 2023, the court issued its Amended Decree. The court initially stated that appellant "lodge[d] a continuing objection to the admission of any new evidence being considered for the purposes of addressing the remand from the Court of Appeals," and that the court "sustain[ed] that objection." (Amended Decree at 2.) As such, the court would not consider "the report, or the testimony of Rebekah A. Smith as presented June 14, 2022," appellee's evidence regarding the sale of Eye Columbus in 2019, or any evidence regarding appellant's income after 2017. (Amended Decree at 2.)

{¶ 13} The court stated the flaws it perceived in Sparks White's expert report were "minimal." (Amended Decree at 2.) The court explained that Sparks White "made an erroneous math calculation" when she included the $658,460 discount adjustment in Eye Columbus's 2016 revenue, because the discount adjustment was "unnecessary." (Footnote omitted.) (Amended Decree at 4-5.) The court further noted that, during the original 2018 trial, Sparks White testified regarding an alternative valuation she conducted which excluded the 2016 discount adjustment. Sparks White had testified that, if she excluded the $658,460 discount adjustment and "play[ed] around" with some other assumptions resulting from that change, she believed the value of Eye Columbus as of June 30, 2016 would be $875,000. (Feb. 28, 2018 Tr. at 149, 154.) In the Amended Decree, the trial court determined that "Sparks White's value of $875,000, *which excludes the questionable 2016 income adjustment,* [was] a competent, credible and reliable value for Eye Columbus LLC." (Emphasis sic.) (Amended Decree at 5.) As such, the court assigned $875,000 as the marital value of Eye Columbus and re-allocated the marital assets and liabilities accordingly.

{¶ 14} Regarding appellant's income, the court explained that because the parties' "actual income figures" were "firmly established and known to the Court," the expert opinions regarding appellant's income had become "moot and irrelevant." (Amended Decree at 8.) The court stated that the parties' actual income figures, "as glean[ed] from income tax returns and/or supporting tax documentation," yielded an average income from 2015 to 2017 of $285,039 for appellant and $103,030 for appellee. (Amended Decree at 9.)

The court ordered appellant to pay child support in the amount of $1,028.98 per month and $5,500 per month in spousal support for a period of 48 months. (Amended Decree at 24, 31.) The court stated that it would "*not retain jurisdiction* to further modify its award of spousal support in this matter." (Emphasis sic.) (Amended Decree at 31.)

## II. Assignments of Error

{¶ 15} Appellant appeals and assigns the following three assignments of error for our review:

> I. The Trial Court erred to the prejudice of Appellant-Husband by failing to even consider the testimony and report admitted into evidence by Appellant-Husband's expert, Rebekah Smith, recognized by the Trial Court as a highly qualified and experienced evidence, which was material and relevant to the determination of the issue of business valuation and the income of a party.
>
> II. The Trial Court erred to the prejudice of Appellant-Husband by utilizing the same expert report and testimony, that the very same court had labeled as "flawed" in the first trial in the face of the credible evidence presented of significant mathematical errors, and which was not rehabilitated in any fashion by additional or improved testimony during the remand proceedings, to arrive at an arbitrarily inflated business valuation and income conclusion, rendering the property division and support calculations inequitable.
>
> III. The Trial Court erred to the prejudice of Appellant-Husband and abused its discretion in awarding alimony for extended period and making such support "non-modifiable" when the business owner/payor's income was subject to the common vicissitudes of business and potential limitations of income including his physical and mental ability to render services which could be affected at any time by injury, disease, or governmental action.

## III. First and Second Assignments of Error – Consideration of Evidence

{¶ 16} Appellant's first assignment of error asserts the trial court erred by failing to consider the testimony and report of Smith. Appellant's second assignment of error asserts the trial court erred by relying on Sparks White's testimony to determine the marital value of Eye Columbus.

{¶ 17} In a divorce proceeding, a trial court has broad discretion to determine the value of marital property and to make divisions of property. *Beagle v. Beagle*, 10th Dist. No. 09AP-353, 2009-Ohio-6570, ¶ 11; *Middendorf v. Middendorf*, 82 Ohio St.3d 397, 401 (1998). The court's decision on these matters will not be reversed absent an abuse of discretion. *Beagle* at ¶ 11; *Middendorf* at 401. An abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). *See Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 87 (1985).

{¶ 18} "A trial court's assignment of an asset's value must be based upon competent, credible evidence," meaning "evidence that is both competent, credible evidence of value and a rational basis upon which to establish the value." *Warren v. Warren*, 10th Dist. No. 09AP-101, 2009-Ohio-6567, ¶ 15. *See also Raymond v. Raymond*, 10th Dist. No. 11AP-363, 2011-Ohio-6173, ¶ 23 (stating that a trial court must have "probative evidence of the value of marital assets" before it can "assign and consider the values of marital assets"). When expert testimony is admitted as to property values, the court may believe all, part, or none of the expert's testimony. *Beagle* at ¶ 12, citing *Boyles v. Boyles*, 11th Dist. No. 2000-P-0072 (Oct. 5, 2001). *See also Dach v. Homewood*, 10th Dist. No. 14AP-502, 2015-Ohio-4191, ¶ 49, citing *Huelskamp v. Huelskamp*, 185 Ohio App.3d 611, 2009-Ohio-6864, ¶ 27 (3d Dist.) (stating that "[w]hen parties present substantially different valuations of an asset, the trial court is free to believe all, part, or none of any witnesses' testimony"). "The weight of the evidence and credibility of witnesses are issues left to the sound discretion of the trial court." *Kramer v. Kramer*, 10th Dist. No. 18AP-933, 2019-Ohio-4865, ¶ 28, citing *Galloway v. Khan*, 10th Dist. No. 06AP-140, 2006-Ohio-6637, ¶ 29.

{¶ 19} The trial court stated it was sustaining appellant's continuing objection to "the admission of any new evidence" on remand, and therefore excluding Smith's testimony and report. (Amended Decree at 2.) The decision whether to admit or exclude evidence is subject to review under an abuse of discretion standard, and absent a clear showing that the trial court abused its discretion in a manner that materially prejudices a party, an appellate court will not disturb an evidentiary ruling. *Boggs v. The Scotts Co.*, 10th Dist. No. 04AP-425, 2005-Ohio-1264, ¶ 35, citing *Sidenstricker v. Miller Pavement*

*Maintenance, Inc.*, 158 Ohio App.3d 356, 2004-Ohio-4653, ¶ 23 (10th Dist.); *Krischbaum v. Dillon*, 58 Ohio St.3d 58, 66 (1991).

{¶ 20} There is nothing in the record to support the court's statement that appellant objected to the admission of any new evidence being considered on remand. At the March 16, 2022 hearing, appellant's counsel stated that the parties needed to "bring[] in either new [evidence] or somehow try to revive the experts that have already testified." (Mar. 16, 2022 Tr. at 5.) Appellant's pre-hearing motion in limine and his standing objection at the June 14, 2022 hearing asked the trial court to exclude evidence concerning Eye Columbus after the June 30, 2016 de facto termination date. Neither the motion in limine nor the standing objection sought to preclude the court from considering any new evidence regarding the marital value of Eye Columbus as of the de facto termination date. Indeed, it was appellant who presented Smith's testimony and report at the June 14, 2022 evidentiary hearing, and neither party objected to the evidence. Nowhere in the Amended Decree did the court provide any further explanation as to why it excluded Smith's testimony or report. Accordingly, the trial court abused its discretion by excluding Smith's testimony and report.

{¶ 21} "A trial court has a duty to thoroughly review all evidence and exhibits that were made a part of the record in the case before it prior to entering judgment." *Higgins v. Buehrer*, 1st Dist. No. C-160288, 2016-Ohio-7214, ¶ 6, citing *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 360 (1992) (noting that although *Murphy* concerned a court's ruling on a motion for summary judgment, the rational of *Murphy* was "equally applicable" to a case involving a bench trial). A trial court need not comment on each item of evidence presented, and a reviewing court will generally presume that a trial court has considered all evidence presented when there is no indication to the contrary. *Stanley v. Ohio State Univ. Med. Ctr.*, 10th Dist. No. 12AP-999, 2013-Ohio-5140, ¶ 50. *See Clark v. Clark*, 10th Dist. No. 97APF10-1360 (Sept. 1, 1998) (noting that "given the presumption of regularity," the appellate court would assume that the trial court considered the plaintiff's testimony and "reject[ed it] as incredible").

{¶ 22} After a trial court examines the entire record, "it is well within the province of the court to find certain evidence credible and other evidence not credible, and to

accordingly give greater weight to particular evidence." *Higgins* at ¶ 7. However, "the entire record must be examined before such credibility determinations can be made." *Id.* A trial court commits reversible error "where it is apparent from the record that the trial court failed to review [all evidence] before entering judgment." *Id.* at syllabus.

{¶ 23} The record in the present case affirmatively demonstrates the trial court failed to consider the testimony and report of Smith before determining the marital value of Eye Columbus. Smith's valuation opinion was properly before the court and no party objected to her testimony. Accordingly, because the trial court rendered judgment without examining all the evidence contained in the record, we must reverse the Amended Decree and remand for further proceedings.

{¶ 24} To be clear, however, there is no need for the trial court to accept new evidence regarding the marital value of Eye Columbus on remand. The record contains ample evidence regarding the value of this business, including the opinions of Sparks White and Eldridge from the 2018 trial and the opinion of Smith from the 2022 hearing. Upon remand, a trial court must proceed "from the point at which the error occurred." *State v. Chinn*, 85 Ohio St.3d 548, 565 (1999). *See also Nolan v. Nolan*, 11 Ohio St.3d 1, 4 (1984) (holding that a "trial court is without authority to extend or vary the mandate given" by the appellate court); *Flynn v. Flynn*, 10th Dist. No. 03AP-612, 2004-Ohio-3881, ¶ 16. Here, the trial court erred by sustaining an objection which appellant never made and by rendering judgment without considering all the evidence presented. Accordingly, on remand, the court must simply consider all the evidence and determine the appropriate marital value of Eye Columbus based on competent, credible evidence in the record. *Warren*, 2009-Ohio-6567, at ¶ 15. We do not preclude the trial court from relying on any of the expert's opinions or from reaching any particular conclusion regarding the value of this marital asset. After considering all the evidence, the trial court remains free to believe all, part, or none of the expert's valuation testimony. *Beagle*, 2009-Ohio-6570, at ¶ 12.

{¶ 25} Based on the foregoing, we sustain appellant's first assignment of error. Our disposition of appellant's first assignment of error renders appellant's second assignment of error moot. *See* App.R. 12(A)(1)(c).

**IV. Third Assignment of Error - Spousal Support**

{¶ 26} Appellant's third assignment of error asserts the trial court abused its discretion by failing to retain jurisdiction to modify the spousal support award. Appellant contends the trial court erred by making the spousal support award non-modifiable, because factors such as the economy, governmental action, and/or appellant's own mental or physical health could affect his business and therefore his income in any given year.

{¶ 27} After the court in a divorce proceeding determines the division of property under R.C. 3105.171, the court "may award reasonable spousal support to either party." R.C. 3105.18(B). "A trial court has broad discretion to determine the appropriate amount of spousal support based on the particular facts and circumstances of each case." *Poe v. Poe*, 10th Dist. No. 22AP-657, 2023-Ohio-4394, ¶ 9, citing *Kunkle v. Kunkle*, 51 Ohio St.3d 64, 67 (1990). *See* R.C. 3105.18(C)(1)(a) through (n).

{¶ 28} R.C. 3105.18(E)(1) provides that a court "does not have jurisdiction to modify the amount or terms of the alimony or spousal support" unless the divorce decree contains a "provision specifically authorizing the court to modify the amount or terms of alimony or spousal support." Thus, a trial court does not have continuing jurisdiction to modify a spousal support award unless it " 'expressly reserves jurisdiction to modify' " in the divorce decree. *Donohue v. Donohue*, 10th Dist. No. 87AP-695 (Aug. 2, 1988), quoting *Ressler v. Ressler*, 17 Ohio St.3d 17 (1985), syllabus. *See Ricketts v. Ricketts*, 109 Ohio App.3d 746, 755 (12th Dist.1996) (noting that "[t]he trial court is not required to retain jurisdiction over a spousal support award").

{¶ 29} "The decision to retain jurisdiction to modify an award of spousal support is left to the sound discretion of the trial court." *Kuper v. Halbach*, 10th Dist. No. 09AP-899, 2010-Ohio-3020, ¶ 62, citing *Deacon v. Deacon*, 8th Dist. No. 91609, 2009-Ohio-2491, ¶ 63. " 'Although Ohio courts generally agree that a trial court abuses its discretion in failing to reserve jurisdiction when imposing an indefinite award of spousal support, the same does not automatically apply when the court imposes a limited time period.' " *Id.*, quoting *Deacon* at ¶ 63. To determine whether the trial court abused its discretion by declining to retain jurisdiction "an appellate court must consider the totality of circumstances and the specific facts of each case." *Id.*, citing *Deacon*.

{¶ 30} "A trial court abuses its discretion in failing to reserve spousal support jurisdiction where there is a substantial likelihood that the economic conditions of either or both parties may change significantly within the period of the award." *Id.* at ¶ 63, citing *Newman v. Newman*, 5th Dist. No. 2003 CA 00105, 2004-Ohio-5363. *Accord Stackhouse v. Stackhouse*, 2d Dist. No. 16244 (July 25, 1997); *Rigby v. Rigby*, 12th Dist. No. CA2020-07-005, 2021-Ohio-271, ¶ 39. Accordingly, where the evidence demonstrates that the parties' incomes "remained relatively stable" in the years prior to the divorce, the trial court may refuse to reserve jurisdiction to modify a spousal support award of limited duration. *Kuper* at ¶ 63. *Compare Schalk v. Schalk*, 3d Dist. No. 13-07-13, 2008-Ohio-829, ¶ 38-39 (concluding that the trial court did not abuse its discretion by failing to reserve jurisdiction to modify a six-year spousal support award because the payor/spouse's "amount of income remained relatively stable"); *Apicella v. Apicella*, 7th Dist. No. 97-BA-65 (Nov. 15, 1999) (finding the trial court did not abuse its discretion by failing to reserve jurisdiction because there was "no evidence in the record to suggest that the circumstances of either party [would] change within [the] five year[]" support term); *with Smith v. Smith*, 6th Dist. No. L-98-1027 (Dec. 31, 1998) (holding the trial court abused its discretion by failing to reserve jurisdiction to modify a ten-year term of spousal support because the "vagaries" of appellant's construction business could cause him to encounter a "substantial economic setback"); *Nori v. Nori*, 58 Ohio App.3d 69, 73 (12th Dist.1989) (concluding the trial court abused its discretion by failing to retain jurisdiction to modify a ten-year spousal support award because there were "unforeseen but likely contingencies" which could occur in ten years).

{¶ 31} Although the trial court refused to retain jurisdiction to modify the spousal support award in both the Original and Amended Decrees, neither decree contains any explanation for why the court refused to reserve jurisdiction. In the Amended Decree, the court found appellant's income to be $389,341 in 2015, $362,032 in 2016, and $154,472 in 2017. (Amended Decree at 21.) While appellant's income came solely from Eye Columbus in 2015 and 2016, the court noted that in 2017 "there were some changes to [appellant's] setup." (Amended Decree at 12.) The evidence demonstrated that in 2017 appellant acquired two optometry practices in Cleveland, Ohio; he opened The Optical Co., L.L.C., an

eyewear boutique in the Short North area of Columbus, Ohio; and he incorporated Twenty Brands, Inc. "with the purpose of providing services to his various business entities and thus lowering expenses." (Amended Decree at 12.) The trial court specifically found that appellant's "business fluctuated throughout the years preceding trial." (Amended Decree at 18.)

{¶ 32} Despite these findings, the trial court did not indicate whether the fluctuations in appellant's business would impact his ability to comply with the four-year spousal support award. A fluctuation or decline in a payor/spouse's income will not necessarily obligate the trial court to reserve jurisdiction to modify a spousal support award, depending on the other facts and circumstances in the case. *See Kuper*, 2010-Ohio-3020, ¶ 64 (finding the payor/spouse's argument that her shareowner distributions had declined to be "unavailing," because despite some "variations in her income from 2005 to 2007" her salary remained "significantly above the industry average"); *Deacon*, 2009-Ohio-2491, ¶ 64 (holding the trial court did not abuse its discretion by making the spousal support award non-modifiable because the payor/spouse had "considerable assets, aside from his regular income," and there was no indication that he would "lack[] the resources to comply with the support order" in the future).

{¶ 33} Because the trial court determined that appellant's income decreased by over $200,000 in the year prior to trial, the trial court erred by failing to at least explain why the decrease in appellant's income would not impact his ability to comply with the support order. *See Kuper* at ¶ 50, citing *Lepowsky v. Lepowsky*, 7th Dist. No. 04 CO 42, 2006-Ohio-667, ¶ 51 (stating that, to allow for meaningful review, a trial court "must indicate the basis for its [spousal support] award in sufficient detail to enable a reviewing court to determine whether the award is fair, equitable and in accordance with the law"). As such, we sustain appellant's third assignment of error and remand for the trial court to explain why it did not reserve jurisdiction to modify the spousal support award. Depending on the court's reasoning, it may alter its reservation of jurisdiction to modify the spousal support award if necessary.

**V. Conclusion**

{¶ 34} Having sustained appellant's first and third assignments of error, rendering appellant's second assignment of error moot, we reverse the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, and remand this matter to that court for further proceedings consistent with law and this decision.

*Judgment reversed and*
*cause remanded.*

MENTEL, P.J., and BEATTY BLUNT, J., concur.